**Doreen SHEPARD, Special Administratrix of the Estate of Michelle Schmitz, Deceased, Appellee,**

v.

**MILBANK MUTUAL INSURANCE COMPANY, a corporation, Appellant.**

No. 77–1926.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1978.

Decided July 20, 1978.

Gene R. Bushnell, made rebuttal, Costello, Porter, Hill, Nelson, Hesiterkamp & Bushnell, Rapid City, S. D., for appellant.

Marvin D. Truhe, Lynn, Jackson, Shultz, Ireland & Lebrun, P. C., Rapid City, S. D., for appellee.

Before GIBSON, Chief Judge, and LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

On March 3, 1974, Doreen Shepard's three year old daughter died as a result of injuries she had sustained while playing on premises owned by Harry H. Grass in Custer, South Dakota. At the time of the injury Grass was insured under a comprehensive personal liability policy issued by the Milbank Mutual Insurance Company. Mrs. Shepard instituted a wrongful death action against Grass in state court. Milbank Mutual denied coverage under its policy with Grass and refused to defend the wrongful death action. A consent judgment against Grass in the amount of $15,-000 was entered in the state court and Grass assigned his rights under the insurance policy to Mrs. Shepard. She then brought suit in federal court to recover the amount of the judgment from the insurance company.

Finding the loss to be within the coverage of the comprehensive liability policy issued to Grass by the company, the district court, the Honorable Andrew Bogue presiding, rendered judgment in favor of plaintiff. *Shepard v. Milbank Mutual Insurance Co.*, 437 F.Supp. 744 (D.S.D.1977). On appeal the company contends, as it did in the district court, that the risk was excluded under the policy and that misrepresentations with regard to alleged business activities conducted on the insured premises precluded recovery on the policy. We fully agree with the well-reasoned analysis set forth in the district court's memorandum opinion rejecting these defenses, and we therefore affirm the $15,000 award on the basis of that opinion.

■ The district court ordered that plaintiff recover, pursuant to the assignment from Harry H. Grass, attorney fees in the amount of $1,346.11 for funds expended by Grass in defense of the state wrongful death action. In addition, the court awarded $6,659.89 for services rendered by plaintiff's attorney in the present indemnity suit in federal court. The court based its decision on a finding that fees in both the state and federal actions were foreseeable consequences of the company's breach of contract, and were therefore recoverable under the rationale set forth in *Luke v. American Family Mutual Insurance Co.*, 476 F.2d 1015 (8th Cir.), *cert. denied*, 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973).[1]

In *Luke* this court held that an insurer which breached its contract with the insured by wrongfully refusing to defend and to accept a settlement offer within policy limits could subsequently be held liable in an indemnity action for damages in excess of policy limits because such damages resulted from the insurer's breach of contract. We declined, however, to award attorney fees to plaintiffs in the indemnity action because they had failed to establish that the insurer's actions had been vexatious or without reasonable cause, as required by S.D. Compiled Laws Ann. § 58–12–3.[2]

■ In *Scherf v. Myers*, S.D., 258 N.W.2d 831 (1977), the Supreme Court of South Dakota held that, absent a specific statutory provision, the allowance of attorney fees in indemnity cases "is limited to the defense of the claim indemnified against and does not extend to services rendered in establishing the right of indemnity." 258 N.W.2d at 836. We are, of course, bound by South Dakota law in this diversity case. We therefore conclude that it was error for the district court to award attorney fees in the indemnity action as part of the overall damages arising from the breach of contract by the insurer.

■ The attorney fees incurred by Harry H. Grass in defense of plaintiff's wrongful death action are recoverable from the company due to its breach of contract under the policy of insurance issued to Grass. *See Scherf v. Myers, supra*; *Wilson v. Allstate Insurance Co.*, 85 S.D. 553, 186 N.W.2d 879, 882 (1971). Defendant concedes that such fees would be recoverable upon a finding of breach of contract, but asserts that there was a failure of proof and pleading in federal court as to the amount of the attorney fees expended by Grass in the state court action. We disagree. The pleadings are to be construed liberally and are sufficiently broad to include plaintiff's claim for the attorney fees. Notwithstanding the fact that plaintiff's proof of the fees was based on hearsay, counsel for the company conceded at oral argument in this court that the amount awarded as attorney

---

1. As this court recognized in *Luke*:

   An insurer who denies coverage does so at its own risk, and, although its position may not have been entirely groundless, if the denial is found to be wrongful it is liable for the full amount which will compensate the insured for all the detriment caused by the insurer's breach of the express and implied obligations of the contract. . . . The insurer should not be permitted to profit by its own wrong.

   476 F.2d at 1020–21, *quoting Comunale v. Traders & General Insurance Co.*, 50 Cal.2d 654, 328 P.2d 198, 202 (1958).

2. S.D. Compiled Laws Ann. § 58–12–3 provides:

   In all actions or proceedings hereafter commenced against any insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, the department of labor, the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs, provided, however, that when a tender is made by such insurance company or exchange before the commencement of the action or proceeding in which judgment or an award is rendered and the amount recovered is not in excess of such tender, no such costs shall be allowed. The allowance of attorney fees hereunder shall not be construed to bar any other remedy, whether in tort or contract, that an insured may have against the same insurance company arising out of its refusal to pay such loss.

fees by the district court was reasonable. Our review of the record indicates that plaintiff adequately established that, as a matter of law, she was entitled to recover for attorney fees expended by Grass in the defense of the original wrongful death claim. Since the company does not contest the reasonableness of the amount awarded by the district court, we affirm that portion of the judgment ordering the recovery of attorney fees in the amount of $1,346.11, with interest thereon.

We vacate that portion of the district court's judgment awarding attorney fees for the services rendered in the present indemnity suit. Under S.D. Compiled Laws Ann. § 58–12–3 attorney fees incurred in an indemnity action against an insurance company may be recovered upon a finding that the company's denial of coverage was vexatious or without reasonable cause. *See Wilson v. Allstate Insurance Co., supra.* In view of the fact that the company's denial of coverage was based in part on the insured's alleged misrepresentations when the policy application was in fact made by a party other than the insured, and in part on alleged business activities conducted by the insured which, if they in fact existed, were totally unrelated to the injury which occurred, a finding that the denial of coverage was vexatious or without reasonable cause may well be warranted. Since the district court has made no finding in this regard, we remand this issue to be decided in the first instance by the district court. If the district court concludes that the award of attorney fees is warranted under the South Dakota statute, an additional $1,000 should be awarded for the services rendered by plaintiff's attorney on this appeal.

The judgment as to the attorney fees in the indemnity action is vacated and the cause is remanded; the remaining portion of the judgment is otherwise affirmed.