SCHIEBOUT v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 74599. Submitted November 14, 1984, at Grand Rapids.—
Decided February 19, 1985. Leave to appeal applied for.

Plaintiff, Herman J. Schiebout, brought a declaratory judgment
action against defendant, Citizens Insurance Company of Amer-
ica, in the Kent Circuit Court to declare liability coverage
under two policies which plaintiff had with defendant for an
accident plaintiff had while driving a 1960 Chevrolet dump
truck owned by the Recreational Center of Kent, Inc., which
was owned and operated by Jon Good, plaintiff's brother-in-law.
The 1960 Chevy truck was never insured by the Recreational
Center. Good testified that he allowed plaintiff to use the 1960
Chevy truck anytime that he wanted to use it. Schiebout
testified that the truck was not driven with much regularity—
only when necessary. On the date of the accident, plaintiff held
two policies for auto insurance with defendant. Policy G in-
sured a 1975 Chevrolet Monte Carlo and a 1971 Ford 3/4-ton
pickup truck. Policy CVC insured a 1966 Chevrolet dump truck.
Plaintiff testified that, at the time he drove the 1960 Chevy
truck, he thought he was insured under these two policies.
When suit was commenced against plaintiff because of the
underlying accident on May 21, 1981, defendant refused to
defend plaintiff. Roberta Poynter, a claims specialist for defen-
dant, testified that both policy G and policy CVC were in full

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 89, 353.
What constitutes a "motor vehicle" covered under no-fault insur-
ance. 60 ALR3d 651.
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 395, 396.
44 Am Jur 2d, Insurance § 1417.
Insurer's tort liability for consequential or punitive damages for
wrongful failure or refusal to defend insured. 20 ALR4th 23.
Consequences of liability insurer's refusal to assume defense of
action against insured upon ground that claim upon which action
is based is not within coverage of policy. 49 ALR2d 694.
[3] 20 Am Jur 2d, Costs §§ 71, 72, 79.
What constitutes bad faith on part of insurer rendering it liable for
statutory penalty imposed for bad faith in failure to pay, or delay
in paying, insured's claim. 33 ALR4th 579.

force and effect on May 21, 1981. Defendant's reasons for not defending plaintiff are as follows. Under policy G, the 1960 Chevy truck did not come within the policy's definition of a "non-owned automobile"; thus this policy did not apply. Under policy CVC, plaintiff had not purchased the additional rider to cover him while driving a non-owned automobile. Policy CVC did not automatically include coverage while driving a non-owned auto. The circuit court, George V. Boucher, J., held that plaintiff was not covered under the policy CVC for the May 21, 1981, accident because plaintiff had not purchased the non-owned automobile rider. The court did find coverage under policy G after finding that the definitional exclusion of "non-owned automobile" contained in policy G was repugnant to the no-fault insurance act. Defendant appealed the court's findings of coverage under policy G. Plaintiff cross-appealed the court's findings of noncoverage under policy CVC, and the court's action in failing to grant plaintiff his reasonable attorney fees incurred for his defense of the underlying action and those fees incurred while bringing the action for declaratory judgment. *Held:*

1. The court's findings with regard to coverage under the two policies was not clearly erroneous, and the court was correct in invalidating the exclusionary definition in policy G.

2. Plaintiff is not entitled to attorney fees beyond taxable costs in the declaratory judgment action. He is entitled to attorney fees incurred in defending the underlying action after defendant refused to defend him because, under policy G, defendant had a duty to defend.

Affirmed in part, reversed in part and remanded for a determination of attorney fees.

1. INSURANCE — NO-FAULT INSURANCE — EXCLUSIONS.

Exclusion from the definition of "non-owned automobile" of a dump truck which may have been furnished or available for regular use of the named insured in a no-fault insurance policy generally providing residual liability coverage while the insured is operating a non-owned automobile is repugnant to the requirement of the no-fault act that a policy provide residual liability coverage for the use of a motor vehicle (MCL 500.3101, 500.3131, 500.3135; MSA 24.13101, 24.13131, 24.13135).

2. INSURANCE — DUTY TO DEFEND — DAMAGES.

The duty of an insurer to defend an insured arises by contract, and a breach of the duty will render the insurer liable for all foreseeable damages flowing from the breach.

3. INSURANCE — ATTORNEY FEES — DUTY TO DEFEND.

> Actual attorney fees for an insured's defense of an action by a third party are recoverable from an insurer which breaches its duty to defend; however, an insured may not be allowed attorney's fees in excess of taxable costs for a declaratory action to enforce insurance coverage absent a statute or court rule to the contrary.

*Ward, Schenk, Boncher & Prasher* (by *Dan E. Bylenga, Jr.*), for plaintiff.

*Baxter & Hammond* (by *Michael D. Wade*), for defendant.

Before: MACKENZIE, P.J., and V. J. BRENNAN and R. E. ROBINSON,* JJ.

V. J. BRENNAN, J. Defendant appeals as of right from an order entered October 7, 1983, granting to plaintiff a declaratory judgment of coverage under an automobile insurance policy which plaintiff held with defendant. This case was submitted to the circuit court on June 3, 1983, without a jury, on deposition testimony, briefs and oral argument.

Plaintiff, Herman James Schiebout, was involved in an auto accident on May 21, 1981, while driving a 1960 Chevrolet dump truck owned by the Recreational Center of Kent, Inc., which was owned and operated by Jon Good, plaintiff's brother-in-law. The 1960 Chevy truck was never insured by the Recreational Center. Good testified that he allowed plaintiff to use the 1960 Chevy truck anytime that he wanted to use it. Schiebout testified that the truck was not driven with much regularity—only when necessary.

During the winter of 1980, plaintiff used the 1960 Chevy truck to move a house on his property and he then let the truck sit on his property

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

throughout the remainder of the winter. On the day of the accident, plaintiff started the truck and took it for a test drive to see if it would run properly after having been idle for the entire winter.

On May 21, 1981, plaintiff held two policies for auto insurance with defendant. Policy G 837650 insured a 1975 Chevrolet Monte Carlo and a 1971 Ford 3/4-ton pickup truck, both owned by plaintiff. Policy CVC 395899 insured a 1966 Chevrolet dump truck. Plaintiff testified that, at the time he drove the 1960 Chevy truck, he thought he was insured under these two policies.

When suit was commenced against plaintiff because of the underlying accident on May 21, 1981, defendant refused to defend plaintiff. Roberta Poynter, a claims specialist for defendant, testified that both policy G and policy CVC were in full force and effect on May 21, 1981. Defendant's reasons for not defending plaintiff are as follows. Under policy G, plaintiff's use of the 1960 Chevy truck did not come within the policy's definition of a "non-owned automobile"; thus this policy did not apply. Under policy CVC, plaintiff had not purchased the additional rider to cover him while driving a non-owned automobile. Policy CVC did not automatically include coverage while driving a non-owned auto.

In an opinion rendered August 18, 1983, the circuit court held that plaintiff was not covered under the policy CVC for the May 21, 1981, accident because plaintiff had not purchased the non-owned automobile rider. The court did find coverage under policy G after finding that the definitional exclusion of "non-owned automobile" contained in policy G was repugnant to the no-fault insurance act. Defendant appeals the court's findings of coverage under policy G. Plaintiff cross-

appeals the court's findings of noncoverage under policy CVC, and the court's action in failing to grant plaintiff his reasonable attorney fees incurred for his defense of the underlying action and those fees incurred while bringing the action for declaratory judgment.

The first issue for our consideration is whether the trial court erred in invalidating the definitional exclusion of a "non-owned automobile" contained in plaintiff's auto insurance policy G.

Under § 2 of policy G, entitled "Automobile Liability", the following is stated:

"The Company will pay on behalf of the Assured all sums which the Assured shall become legally obligated to pay as damages because of,
"Coverage C. Bodily Injury or
"Coverage D. Property Damage
"To which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading of the owned automobile or a non-owned automobile, and the company shall have the right and duty to defend * * * any suit against the Assured seeking damages * * *."

Persons insured under § 2 include,

"1. The named Assured with respect to the owned automobile;
"2. If the named Assured is an individual, or husband or wife * * *
"(a) The named Assured with respect to a non-owned Automobile."

In the definitional portion of § 2, "Non-owned Automobile" is defined as,

"(a) a private passenger automobile or trailer not owned by the named Assured or any relative or (b) any other automobile not owned by or furnished to or

available for the regular use of either the named Assured or any resident of the same household. 'Non-owned automobile' does not include a temporary substitute automobile;"

Under the exclusions listed in § 2 are the following:

"3. A non-owned automobile while (a) used in the automobile business by the Assured, or (b) in any other business or occupation of the Assured, * * * [the exceptions here do not apply to this case].

"4. A non-owned automobile (a) furnished for the regular use of the named Assured by the employer of such named Assured while being used in the business of such employer, or (b) rented to or leased by the named Assured or relative for a consecutive period of more than thirty days, or (c) unless the person using the automobile has received permission of its owner.

                    *   *   *

"10. Bodily injury or property damage arising out of the operation of farm machinery."

The testimony of plaintiff and Good showed that the 1960 Chevy truck was owned by the Recreational Center of Kent. Therefore, the question is whether plaintiff's use of the 1960 Chevy truck fell within the policy coverage as use of a non-owned automobile.

In *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982), the Supreme Court considered whether a definition of a non-owned automobile found in an insurance policy was repugnant to the no-fault act. The insurance policy in *Ruuska* contained a provision very similar to that found in the instant case. The policy in *Ruuska* excluded from coverage a non-owned auto that was,

"* * * furnished or available for the frequent or

regular use of the named insured, his spouse, or any relative of either residing in the same household, other than a temporary substitute automobile." *Ruuska, supra,* p 332. (Emphasis omitted.)

The parties involved were a daughter and father who resided in the same household. The defendant insurance company sought to deny coverage to the daughter under the definitional exclusion of a non-owned automobile because both parties resided in the same home.

Writing the lead opinion, Justice WILLIAMS found the exclusion for a non-owned automobile used by a relative residing in the same household to be repugnant to the directive of the no-fault act which required that an auto insurance policy provide residual liability coverage for the use of a motor vehicle. The Court stated that there was no provision within the no-fault act which allowed such an exclusion and that the insurance company could not thwart the legislative intent behind the act by way of the policy's exclusion. *Ruuska, supra,* p 336.

Though the particular facts of *Ruuska* dealt with a father and daughter residing within the same home and, according to the lead opinion, the decision was limited to the facts of the *Ruuska* case, the Court did address the validity of a provision almost identical to the one in question in the instant case. In *Ruuska,* the defendant insurance company also sought to exclude coverage for a non-owned automobile which was "furnished or available for the frequent or regular use of the named insured". The Court did not decide as a factual matter whether the daughter's access to her father's car was or was not on a frequent or regular basis. Instead, it decided as a matter of law that that particular phrase of the exclusionary

clause was also repugnant to the no-fault act. *Ruuska, supra,* p 337. Justice WILLIAMS's analysis and conclusion was supported by Justice FITZGERALD and Justice MOODY.

In a separate concurrence, Justice LEVIN agreed with the conclusion of the lead opinion but not with its reasoning. Justice LEVIN found the exclusion unenforceable because it was not contained in the policy's list of exclusions but was rather embedded in the definitional section of the policy. *Ruuska, supra,* pp 347-348.

In the instant case, in our opinion, the definitional exclusion of a non-owned automobile is unenforceable regardless of whether we use the rationale of the lead opinion or the rationale of Justice LEVIN's concurring opinion. As can be seen from the definition of a non-owned automobile found in policy G and from the definition of a non-owned automobile that was found in the policy in *Ruuska,* the two definitions are almost identical.

Defendant contends that the *Ruuska* decision is not authoritative because of the difference in rationale applied by the lead opinion and Justice LEVIN's opinion. However, under the rationale of either opinion we, by analogy to *Ruuska,* find that the exclusionary definition in the instant case is invalid.

The trial court was correct in invalidating the definitional exclusion of a non-owned automobile found in policy G.

Plaintiff argues that the trial court erred in not finding coverage under plaintiff's auto insurance policy CVC. We disagree.

Stewart J. Warsen, the insurance agent who sold plaintiff policy CVC on his 1966 Chevrolet dump truck, testified that plaintiff's policy CVC did not include coverage for the 1960 Chevy truck. Warsen also testified that plaintiff's CVC policy did not

include the additional rider for coverage for a non-owned automobile or for a hired automobile. These two additional riders were available for plaintiff as of May 21, 1981. Poynter also testified that plaintiff did not have non-owned automobile or hired automobile coverage under policy CVC because he had not purchased the two additional riders.

Plaintiff's insurance policy CVC provides in pertinent part as follows:

"The company will pay on behalf of the insured all suits which the insured shall become legally obligated to pay * * *, caused by an occurrence and arising out of the automobile hazards for which insurance is afforded as indicated in the Declarations * * *."

A review of the declaration sheet for policy CVC shows that there are no marks of any kind appearing in the sections devoted to the riders for non-owned automobiles and hired automobiles.

The trial court's findings of fact will not be set aside unless they are clearly erroneous. GCR 1963, 517.1. The circuit court determined that the accident of May 21, 1981, was not covered under policy CVC. This finding was based on the testimony of Warsen and Poynter that policy CVC did not include coverage for accidents involving a non-owned automobile or a hired automobile unless special riders were purchased for that purpose. It is undisputed that plaintiff did not purchase riders for coverage for a non-owned automobile or hired automobile.

It is plaintiff's contention, however, that it was reasonable for him to assume that he had such coverage under policy CVC under the terms and conditions of the declaration sheet and the policy jacket. Under § 2 of liability policy CVC, the policy provides that defendant will pay on behalf of

plaintiff all sums plaintiff is obligated to pay aris-
ing out of automobile hazards "for which insur-
ance is afforded as indicated in the Declarations
* * *". It is clear to us from this portion of the
policy jacket that coverage extends only to what is
indicated on the declaration sheet. Our review of
the declaration sheet reveals that there is nothing
to indicate that coverage is extended to non-owned
automobiles or hired automobiles. In our opinion,
it was not reasonable for plaintiff to assume he
was covered for non-owned automobiles or hired
automobiles when he had never purchased such
coverage and when there is nothing on the policy
or declaration sheet to indicate that he had.

The trial court's findings of fact were correct.
Plaintiff also argues that the trial court erred in
failing to grant plaintiff his reasonable attorney
fees as a result of his defense in the underlying
action and the declaratory judgment action.

During the course of the declaratory judgment
action plaintiff did not present any evidence re-
garding the attorney fees incurred in his defense
of the underlying action. Plaintiff also presented
no evidence regarding the attorney fees incurred
in the instigation of the declaratory judgment
action. In its order of October 7, 1983, the trial
court did not award plaintiff any attorney fees for
his defense in the underlying action or for the
instigation of the declaratory judgment action.

The duty of an insurance company to defend its
insured arises solely from the language of the
insurance contract. A breach of the duty to defend
can be determined objectively from the contract
itself without regard to the good or bad faith of
the insurer. If the insurance company has
breached this duty, it then, like any other party to
a contract who has failed to perform, becomes
liable for all foreseeable damages flowing from the

breach. *Stockdale v Jamison,* 416 Mich 217, 224; 330 NW2d 389 (1982). An insurer who wrongfully refuses to defend on the ground that the action was not within the coverage of the policy is liable for reasonable attorney fees incurred by the insured in the defense of the underlying action. *City Poultry & Egg Co v Hawkeye Casualty Co,* 297 Mich 509; 298 NW 114 (1941). However, absent a statute or court rule to the contrary, the insured may not be allowed an award of attorney fees in excess of taxable costs for the declaratory action to enforce the insurance coverage. *Cooley v Mid-Century Ins Co,* 52 Mich App 612; 218 NW2d 103 (1974). Thus, actual attorney fees are not allowed. See *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62, 66; 250 NW2d 541 (1976).

In the instant case plaintiff is seeking his reasonable attorney fees incurred in bringing the action for declaratory judgment. There is no statute or court rule in Michigan that explicitly allows for the award of reasonable fees. Therefore, under *Cooley* and *Shepard, supra,* plaintiff is not entitled to be reimbursed for attorney fees, beyond taxable costs, incurred in the declaratory judgment action.

Plaintiff is also seeking reimbursement for reasonable attorney fees incurred when defendant refused to defend plaintiff in the underlying action and caused plaintiff to hire his own attorney to represent his rights. Under the terms of policy G, defendant had the duty to defend any suit against plaintiff even if the allegations of the suit were groundless, false or fraudulent. Defendant did refuse to defend plaintiff in the underlying action. Therefore, defendant has breached its contract with plaintiff and under the authority of *Stockdale, supra,* it is liable to defendant for all foresee-

able damages flowing from the breach. The reasonable attorney fees incurred by plaintiff are specifically collectible under *City Poultry, supra.*

No proof was offered at the trial of the declaratory judgment action as to the amount of attorney fees incurred in the underlying action by plaintiff. Therefore, we reverse the trial court on this issue and remand the case solely for the determination of the reasonable attorney fees incurred by plaintiff in his defense of the underlying action only.

Affirmed in part; reversed and remanded on the issue of attorney fees only. We retain no further jurisdiction.