483 So.2d 513 (1986)
CARROUSEL CONCESSIONS, INC., Dania Jai-Alai Palace, Inc., and Saturday Corporation, Appellants,
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION and Public Service Mutual Insurance Company, Appellees.
No. 84-2354.
District Court of Appeal of Florida, Third District.
February 19, 1986.
*514 Bailey & Dawes and Sara Soto and Michael G. Nearing, Miami, for appellants.
Anderson, Moss, Russo, Gievers & Cohen, Daniels & Hicks and Sam Daniels and Barbara Singer, Miami, for appellee Florida Ins. Guar. Assn.
Squire, Sanders & Dempsey and Joanne M. Rose, Roger G. Welcher, Miami, for appellee Public Service Mut. Ins. Co.
Before NESBITT, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Carrousel Concessions, Inc., Dania Jai-Alai Palace, Inc., and Saturday Corporation [collectively Carrousel] appeal the final summary judgment granted in favor of Florida Insurance Guaranty Association [FIGA]. We reverse.
Carrousel was a defendant in a personal injury action brought in 1978. Carrousel had $500,000 primary liability insurance coverage with Consolidated Mutual Insurance Company [Consolidated] and excess insurance coverage under an umbrella policy with Public Service Mutual Insurance Company. During the course of the personal injury action, Consolidated became insolvent, and FIGA, in accordance with section 631.57, Florida Statutes (1977), assumed Consolidated's duties and obligations. By statute, however, FIGA's liability obligation was capped at $300,000,[1] *515 thereby causing a $200,000 gap in coverage.
One of the duties assumed by FIGA was the duty to defend the lawsuit. FIGA hired a firm to defend the lawsuit after counsel employed by Consolidated withdrew. Due to a conflict in interest, the second firm also withdrew. Carrousel's third defense counsel began discovery two weeks before trial. At the demand of Carrousel, defense counsel moved for a continuance, but the motion was denied. (The trial subsequently was continued because of the court's own scheduling conflicts.)
Carrousel became dissatisfied with the way the attorneys hired by FIGA were preparing for trial. Carrousel alleged that "FIGA's counsel continued to neglect the defense of the case, making little or no effort to prepare for trial." Carrousel requested that its attorneys be permitted to assume the defense of the lawsuit. FIGA agreed to the substitution of counsel but refused to pay the costs and attorneys' fees for the defense.
The trial resulted in an adverse judgment of $775,000. Carrousel decided to appeal. FIGA refused to post an appeal bond, pay a pro rata share of such bond, or prosecute the appeal. Carrousel obtained a stay of the judgment by posting a supersedeas bond. While the appeal was pending, FIGA paid the plaintiff in the personal injury action the $300,000 liability limit.
Carrousel sued FIGA for, inter alia, breach of contract. Carrousel alleged that FIGA had breached its duty to defend Carrousel by failing (a) to provide Carrousel with an adequate defense up to and including the time of trial; (b) to pay the costs and expenses of that defense; (c) to post an appeal bond; (d) to appeal the trial court judgment obtained against Carrousel; and (e) to cooperate with Carrousel to settle the suit or to prosecute a completely meritorious appeal from the judgment in that suit. Carrousel sought to recover the costs of conducting its own defense.
FIGA moved for summary judgment. FIGA claimed that it had discharged its statutory and contractual duties to Carrousel by paying the $300,000 to the personal injury plaintiff. FIGA did not offer affidavits, depositions, or other evidence to counter the factual allegations of the complaint.
The trial court entered final summary judgment in favor of FIGA, and Carrousel moved for rehearing. During the pendency of the motion for rehearing, the Florida supreme court decided Carrousel's appeal from the underlying personal injury action. The supreme court reversed the $775,000 judgment against Carrousel. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984).[2] Thereafter, the trial court denied Carrousel's motion for rehearing, and this appeal followed.
The obligations and duties assumed by FIGA are set forth in the contract between Consolidated and Carrousel. The insurance contract provides in relevant part:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation *516 and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

* * * * * *
The company will pay, in addition to the applicable limit of liability:
(a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon... .
(Emphasis supplied.)
Accordingly, it was FIGA's duty to defend Carrousel until the applicable limit of its liability "ha[d] been exhausted by payment of judgments or settlements" and to pay all costs incurred in the defense.
An insurer's duty to defend arises solely from the language of the insurance contract. Schiebout v. Citizens Insurance Co. of America, 140 Mich. App. 804, 813, 366 N.W.2d 45, 49 (1985). To satisfy its obligation to defend, an insurer (in this case, FIGA[3]) must provide an adequate defense. Champion v. Farm Bureau Insurance Co., 352 So.2d 737, 742 (La. Ct. App. 1977), cert. or rev. denied, 354 So.2d 1050 (La. 1978); Cousins v. State Farm Mutual Automobile Insurance Co., 294 So.2d 272, 275 (La. Ct. App.), cert. or rev. refused, 296 So.2d 837 (La. 1974); see also Sobus v. Lumbermens Mutual Casualty Co., 393 F. Supp. 661, 671 (D.Md. 1975), aff'd without opinion, 532 F.2d 751 (3d Cir.1976); Guarantee Abstract & Title Co. v. Interstate Fire & Casualty Co., 232 Kan. 76, 79-81, 652 P.2d 665, 668-69 (1982). Where the insurer acts negligently in performing its duty to defend on behalf of the insured, its conduct constitutes a breach of contract. Guarantee Abstract & Title Co., 232 Kan. at 79-81, 652 P.2d at 668-69; see Shepard v. Milbank Mutual Insurance Co., 437 F. Supp. 744, 749 (D.S.D. 1977) (insurer's duty to defend is an "obligation arising out of contract" within meaning of applicable South Dakota law; thus, where insurer refuses to defend, award of costs of defense to insured is not award of attorney's fees in usual sense, but rather constitutes compensation for foreseeable consequences of insurer's breach of contract), aff'd in part, vacated in part on other grounds, 579 F.2d 477 (8th Cir.1978); cf. Jolly v. General Accident Group, 382 F. Supp. 265, 266 (D.S.C. 1974) (insurer which negligently fails to settle claim against insured within policy limits liable in contract or in tort). Such a breach can be determined objectively from the insurance contract itself without inquiry into whether the insurer acted in good faith or bad faith. Schiebout, 140 Mich. App. at 813, 366 N.W.2d at 49; cf. Thomas v. Western World Insurance Co., 343 So.2d 1298, 1304 (Fla. 2d DCA) (where insurer wrongfully refuses to provide defense on behalf of insureds there is no question of "`good faith' vs. `bad faith'"), cert. dismissed, 348 So.2d 955 (Fla. 1977). If the insurer breaches its duty to defend, it  like any other party who fails to perform its contractual obligations  becomes liable for all damages naturally flowing from the breach. Thomas, 343 So.2d at 1304; Eskridge v. Educator & Executive Insurers, Inc., 677 S.W.2d 887, 889 (Ky. 1984); Schiebout, 140 Mich. App. at 813-14, 366 N.W.2d at 49.
Carrousel alleged in its complaint that FIGA failed to provide an adequate defense and that, as a consequence, Carrousel was required to utilize the services *517 of its own attorneys. If Carrousel is able to establish that the defense supplied by FIGA was inadequate and that it was reasonable for Carrousel to engage the services of its own attorneys, Carrousel will be entitled to recover all reasonable costs and attorneys' fees incurred at the trial level. See Keller Industries, Inc. v. Employers Mutual Liability Ins. Co., 429 So.2d 779, 781 (Fla. 3d DCA 1983); Thomas, 343 So.2d at 1302. The mere fact that Carrousel retained its own attorneys, however, does not of itself prove that FIGA failed to fulfill its duty to defend. Champion, 352 So.2d at 742; Landreneau v. United States Fidelity & Guaranty Co., 287 So.2d 554, 556 (La. Ct. App. 1973), cert. or rev. denied, 293 So.2d 175 (La. 1974). A liability insurer is not required to pay the insured's expenses unless the actions of the insurer have "forced" the insured to engage its own attorneys. Reis v. Aetna Casualty & Surety Co., 69 Ill. App.3d 777, 789, 25 Ill.Dec. 824, 833, 387 N.E.2d 700, 709 (1978). Accordingly, if it is established that the attorneys hired by FIGA were adequately defending the lawsuit, Carrousel will not be entitled to recover the costs and attorneys' fees incurred at the trial level. Champion, 352 So.2d at 742; cf. Fidelity & Casualty Co. v. Riley, 380 F.2d 153, 157 (5th Cir.1967) (insured not entitled to award of attorneys' fees and expenses incurred in defense of suits where policy afforded no coverage for alleged malpractice which formed basis of suits, insurer tendered defenses under reservation of rights, and insured refused tenders); 14 Couch on Insurance 2d § 51:95 (rev. ed. 1982) (where an insurer assumes the defense of a claim against its insured, the insurer is not liable for expenses which the insured has incurred by participating in the defense).
As to Carrousel's entitlement to costs and attorneys' fees incurred on appeal, Carrousel contends that FIGA's $300,000 payment to the personal injury plaintiff did not relieve FIGA of any duty it may have had with respect to the prosecution of the appeal because the judgment had been superseded before payment was made. FIGA relies upon Fernandez v. Florida Insurance Guaranty Association, 383 So.2d 974 (Fla. 3d DCA) (section 631.66, Florida Statutes (1979), precludes insured's bad faith action against FIGA for its refusal to settle claims for limits of policy of defunct insurer), rev. denied, 389 So.2d 1109 (Fla. 1980), and argues that its decision not to participate in the appeal cannot be assailed. We need not decide what significance should be assigned to the fact that the judgment had been superseded prior to FIGA's payment of the liability limit;[4] nor need we decide whether FIGA, if it had defended the lawsuit, would have been immune under section 631.66, Florida Statutes (1979), from an action based upon its decision not to participate in the appeal. FIGA's acts or omissions which occurred after the entry of judgment in favor of the personal injury plaintiff cannot be divorced from its earlier acts or omissions which occurred before or at trial. We conclude that the crux of this case lies in the resolution of the threshold issue of whether FIGA breached its contractual and statutory obligations by failing to provide an adequate defense.
With respect to an insurer's refusal to defend, it is well established that
an insurer's unjustified refusal to defend a suit against the insured relieves the insured of his contract obligation to leave the management of such suit to the insurer and justifies him in assuming the defense of the action on his own account. In such a case the insurer cannot complain *518 about the conduct of the defense by the insured, cannot dictate to the insured how the case should be handled, and can neither object to the taking of an appeal by the insured from an unfavorable judgment rendered against him, nor complain of the insured's failure to appeal. Also, the right to intervene is lost by the insurer by its wrongful refusal to defend.
14 Couch on Insurance 2d § 51:161 (rev. ed. 1982) (footnotes omitted). See also Arenson v. National Automobile & Casualty Insurance Co., 48 Cal.2d 528, 310 P.2d 961 (1957) (in bank); Frankfort Marine, Accident & Plate Glass Ins. Co. v. Lafayette Telephone Co., 79 Ind. App. 663, 668-69, 129 N.E. 329, 331 (1920); cf. Rhodes v. Chicago Insurance Co., 719 F.2d 116, 120 (5th Cir.1983) (if insurer has duty to defend under original complaint, duty is breached by insurer's failure to defend insured and subsequent filing of amended complaint does not erase breach or penalties therefor); Witt v. Universal Automobile Ins. Co., 116 S.W.2d 1095, 1098 (Tex.Civ.App. 1938) (where insurer wrongfully withdrew from defense of case and insured compelled to assume the defense, insured had right to refuse to allow insurer to re-enter case and take charge of defense; insurer "[h]aving thus waived its right to defend the suit, such right was lost forever ..."). These principles are equally applicable here where it is alleged that the insurer breached its duty to defend because it provided an inadequate defense. If FIGA did breach its duty to defend Carrousel at the trial level, FIGA forfeited its right to make the business judgment as to whether an appeal should be pursued.
Carrousel's entitlement to recovery of costs and attorneys' fees incurred to prosecute the appeal necessarily rises and falls with its entitlement to recovery of costs and fees incurred before or at trial. Carrousel's right to recover these expenses hinges on the resolution of whether FIGA was providing an adequate defense.
On a motion for summary judgment, it is the movant's burden to prove the absence of all material issues of fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966). FIGA presented no proof to negate the allegation that FIGA failed to provide an adequate defense. The trial court erred, therefore, in granting FIGA summary judgment. See Van Dusen v. Southeast First National Bank of Miami, 478 So.2d 82, 89-92 (Fla. 3d DCA 1985). We, consequently, reverse and remand for further proceedings consistent with the views expressed herein.
Reversed and remanded.
NOTES
[1] Section 631.57, Florida Statutes (1985), provides:

(1) The association shall:
(a) Be obligated to the extent of the covered claims existing:
* * * * * *
3... . but such obligation shall include only that amount of each covered claim which is in excess of $100 and is less than $300,000... . In no event shall the association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises.
[2] The supreme court quashed in part and approved in part the decision of the fourth district court of appeal, 425 So.2d 594 (Fla. 4th DCA 1982).
[3] FIGA "stands in the shoes" of the insolvent insurer. Peoples v. Florida Ins. Guar. Ass'n, 313 So.2d 40, 41 (Fla. 2d DCA 1975), cert. denied, 327 So.2d 34 (Fla. 1976); § 631.57(1)(b), Fla. Stat. (1985) (the association shall "[b]e deemed the insurer to the extent of its obligation on the covered claims, and, to such extent, shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent").
[4] Compare this case with Conway v. Country Cas. Ins. Co., 97 Ill. App.3d 768, 53 Ill.Dec. 175, 423 N.E.2d 559 (1981), aff'd in part, rev'd in part, 92 Ill.2d 388, 65 Ill.Dec. 934, 442 N.E.2d 245 (1982), where the court held that payment of policy limits by the liability insurer to tort plaintiff did not discharge the insurer of its obligation to defend even though the policy provided that the duty to defend terminated when "applicable limits of the [insurer's] liability ha[d] been exhausted by payment of any judgments or settlements," because payment was not of a judgment or settlement since no settlement was reached until tort plaintiff executed a release in exchange for payment of additional money by insured.