578 So.2d 34 (1991)
UNDERWRITERS GUARANTEE INSURANCE COMPANY, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and Elisha Townes, Appellees.
No. 89-3125.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
Vytas J. Urba and Andrew J. Connolly of John Edward Carter, P.A., Boca Raton, for appellant.
*35 George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., for appellees.
WARNER, Judge.
This is an appeal from a final declaratory judgment determining that appellee, Nationwide Insurance Company, had extinguished its duty of defense under an insurance policy by paying its policy limits and securing a release of its named insured, even though an action remained pending against an additional insured under the policy. We affirm.
While driving a car owned by Nationwide's named insured Green, appellee Townes struck a bicycle ridden by George Mergens who died from injuries sustained in the accident. Mergens had substantial uninsured motorist coverage. Pursuant to an arbitration award, the U.M. carrier paid out $13,000,000 to Mergens' estate and then exercised its subrogation rights by bringing an action against Townes and Greene.
Nationwide had a $100,000 liability policy insuring Greene as its named insured. Because Townes was a permissive user of Greene's car at the time of the incident, Townes was an additional insured under the terms of Nationwide's policy. Additionally, Townes had her own policy with appellant Underwriters. Nationwide settled with the U.M. carrier after suit was filed by paying its policy limit in return for a complete release of Greene. Nationwide then instituted this declaratory judgment action requesting the court to determine that it had no further duty to defend Townes, the additional insured under the policy. Townes answered and also crossclaimed against Underwriters, her insurer, claiming that if Nationwide did not have a duty to defend her, then Underwriters must defend her under her policy with it.
Nationwide's policy provided that "after the liability limits of this policy have been exhausted by payment, we will not be obligated to defend any suit or pay any claim or judgment." On motion for summary judgment Nationwide contended that the terms of its policy were unambiguous with respect to its duty to defend, that it had complied with its terms, and therefore it was relieved of any duty to defend Townes further. The trial court agreed and entered summary judgment accordingly. In addition, it determined that Underwriters now had a duty to defend Townes under the terms of its policy.
We have previously held that "an insurer's duty to defend arises solely from the language of the insurance contract." Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass'n, 483 So.2d 513 (Fla. 3d DCA 1986). In this case the policy provides that Nationwide is relieved of its duty to defend "any suit" once it has paid in its policy limits. In Zurich Ins. Co. v. Raymark Industries, Inc., 118 Ill.2d 23, 112 Ill.Dec. 684, 514 N.E.2d 150 (1987) the Illinois Supreme Court construed identical language as meaning that the insurance company's obligation is terminated as to all actions, including pending actions. We agree with the interpretation of the Illinois court. Therefore, Nationwide was not obligated by its contract to continue defending the additional insured after payment of its policy limits in settlement for its named insured.
Appellee has cited to us for support the case of Bohn v. Sentry Ins. Co., 681 F. Supp. 357 (E.D.La. 1988), affirmed, 868 F.2d 1269 (5th Cir.1989). In Bohn the court held that on a bad faith claim by the additional assured on similar facts as the present case, that the primary insurer had no further duty to defend when the settlement it reached was reached in good faith even though the additional insured was not also released. However, in Smoral v. Hanover Ins. Co., 37 A.D.2d 23, 322 N.Y.S.2d 12 (1971), an opposite result was reached on similar facts, and the court there held that the insurer breached a duty of good faith when it settled without obtaining release of the additional assured. These two cases are distinguishable from the present case based on the pleadings. The declaratory judgment action requested a declaration of contractual rights under the policy. Neither the complaint nor the answer raised any issue of bad faith in the *36 procurement of the settlement. If the settlement were contrary to the contractual duties of Nationwide as a result of the insurance company's bad faith in negotiating a settlement, it should have been pled. In these pleadings there is no allegation that the settlement was reached other than in good faith.
Affirmed.
POLEN, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would reverse. In my judgment the Nationwide policy, taken as a whole, is ambiguous as to Townes' right to a defense.