STONE, Judge.
We reverse a final judgment that is founded on an offer of judgment made by counsel for the eodefendant Port and accepted by the plaintiff, Cullison. The record reflects that Appellant’s trial counsel explicitly “opted out” of the offer before it was accepted.
The suit was brought by a Port Everglades employee, Cullison, against Appellant, a port commissioner, the port, and the deputy port director. The allegations involved a “retaliatory” investigation of the plaintiff, a violation of the whistle-blower’s law.
The initial complaint alleged that Appellant’s acts were outside the scope of his duties. As a result, the port’s insurance company denied coverage and Appellant obtained independent counsel. After the complaint was amended, the insurance company advised Appellant that it intended to take on his defense. However, there was no appearance or substitution of counsel. Neither Appellant nor his attorney ever consented to the stipulated judgment.
We emphasize that the issue on this appeal does not involve the authority of an insurance company to settle on behalf of an “insured” in exchange for a dismissal or waiver of a claim. See generally Shuster v. South Broward Hosp. Dist. Physician’s Professional Liab. Ins. Trust, 591 So.2d 174 (Fla.1992). Rather, the issue is whether an insurance company which might otherwise be authorized to settle in exchange for a dismissal, can stipulate, here through counsel representing a codefendant, to a judgment against a party covered by its policy when that party and his attorney have elected not to consent to a judgment and have expressed their dissent accordingly. We answer in the negative. See Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass’n, 483 So.2d 513 (Fla. 3d DCA 1986).
Therefore, the final judgment is reversed and remanded for further proceedings.
DELL, C.J., and STEVENSON, J., concur.