MICHIGAN EDUCATIONAL EMPLOYEES MUTUAL INSURANCE
COMPANY v TUROW

Docket No. 212797. Submitted June 14, 2000, at Detroit. Decided August 1,
2000, at 9:00 A.M. Leave to appeal sought.

Michigan Educational Employees Mutual Insurance Company
(MEEMIC), the no-fault automobile liability insurer of Meyer and San-
dra Segal, brought an action in the Oakland Circuit Court against
Leonard H. Turow, the Segals, Levy Van Leeuwen, and Alamo Rent-
A-Car, Inc., seeking a declaratory ruling that MEEMIC was not obli-
gated to defend or indemnify the Segals or Van Leeuwen in an
underlying action brought by Turow against the Segals and Van
Leeuwen. Turow was seeking damages for injuries he sustained
when his vehicle collided with a van driven by Van Leeuwen. The
van had been rented from Alamo by Meyer Segal. Van Leeuwen,
who was the brother of Sandra Segal and was visiting from Israel,
was listed on the rental agreement as an authorized driver. Alamo
filed a countercomplaint against MEEMIC in which it sought similar
declaratory relief. The court, David F. Breck, J., granted in part and
denied in part motions for summary disposition by Alamo and
MEEMIC, finding MEEMIC's policy obligated it to defend the Segals in
the underlying action and pay the property damage incurred by the
rented van. The court also ordered MEEMIC to pay the Segals' attor-
ney fees associated with its declaratory judgment action. MEEMIC
appealed.

The Court of Appeals *held*:

1. The trial court correctly ruled that no genuine issue of mate-
rial fact existed and that under the circumstances of this case the
MEEMIC policy clearly afforded coverage to the Segals in the under-
lying action.

2. The MEEMIC policy also provides that under the circumstances
of this case MEEMIC is responsible for the damage to the rented van.

3. The rental agreement did not provide for the defense of
claims. Absent a contract to defend, Alamo had no duty to defend
the Segals in the underlying action. The express terms of MEEMIC's
policy required MEEMIC to defend the Segals in the underlying
action.

4. The trial court's orders must be affirmed, with the exception of the court's order requiring MEEMIC to pay the Segals' attorney fees associated with defending the declaratory judgment action. Because the court failed to state the reasons for its decision to grant the Segals' request for attorney fees, the matter must be remanded so that the court may provide its reasoning. If the basis for the decision was MCR 2.605(F), then the award must be vacated because the rule does not expressly authorize the grant of attorney fees. If the basis was MCR 2.114(E) or (F), the award must be affirmed because the rule granted the court authority to sanction MEEMIC for bringing the action for an improper purpose or for filing a frivolous claim.

Affirmed and remanded.

*Galbraith & Booms* (by *Steven B. Galbraith* and *Laura A. Phillips*), for Michigan Educational Employees Mutual Insurance Company.

*Wigod, Falzon & DiCicco, P.C.* (by *Gerald E. Wigod*), for Meyer and Sandra Segal.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for Alamo Rent-A-Car, Inc.

Before: O'CONNELL, P.J., and KELLY and WHITBECK, JJ.

O'CONNELL, P.J. This declaratory judgment action stems from an underlying case involving an automobile accident. The parties do not dispute the essential facts in this case. On August 7, 1994, Meyer Segal rented a 1994 Chevrolet Astro van from Alamo Rent-A-Car, Inc. Segal listed Levy Van Leeuwen on the rental agreement as an authorized driver of the vehicle. Van Leeuwen was the brother of Meyer Segal's wife, Sandra Segal, and was visiting the Segals from Israel. Meyer Segal permitted Van Leeuwen to take the van to Chicago to visit other relatives. On August 10, 1994, Van Leeuwen was driving the van in Chicago when he had an accident with Leonard Turow. Turow

filed a complaint in the Circuit Court of Cook County, Illinois, against the Segals and Van Leeuwen, seeking damages for injuries that he sustained as a result of the accident.

At some point, Alamo informed the Segals' no-fault automobile liability insurer, Michigan Educational Employees Mutual Insurance Company (MEEMIC), that Alamo believed it was not liable for coverage of the accident. MEEMIC then sought a declaratory ruling that it was not obligated to defend or indemnify the Segals or Van Leeuwen in the underlying case. Alamo filed a countercomplaint against MEEMIC in which it sought similar declaratory relief.

The trial court granted in part, and denied in part, motions for summary disposition by Alamo and MEEMIC. The court ruled that MEEMIC's insurance policy with the Segals obligated MEEMIC to defend the Segals in the underlying litigation and that MEEMIC was obligated to pay for the property damage to the rental vehicle. The court further ordered MEEMIC to pay the Segals' attorney fees associated with defending the declaratory judgment action. MEEMIC appeals as of right. We affirm, but remand for a determination regarding attorney fees.

MEEMIC first argues that the trial court erred in ruling that no genuine issue of material fact existed regarding the MEEMIC policy's coverage of the accident. This Court reviews de novo a trial court's grant or denial of summary disposition in a declaratory judgment action. *Unisys Corp v Comm'r of Ins*, 236 Mich App 686, 689; 601 NW2d 155 (1999). "When reviewing an order of summary disposition under MCR 2.116(C)(10), [this Court] must consider the available pleadings, affidavits, depositions, and other

documentary evidence in a light most favorable to the nonmoving party and determine whether the moving party was entitled to judgment as a matter of law." *Id.*

"In determining whether an insurance policy applies, this Court must first determine whether the policy is clear and unambiguous on its face. In doing so, the insurance contract should be read and interpreted as a whole." *Taylor v Blue Cross & Blue Shield of Michigan*, 205 Mich App 644, 649; 517 NW2d 864 (1994). To determine whether an event is covered by a liability insurance policy, a court must first consider whether the event is within the scope of the policy before considering whether the policy otherwise excludes the event. *Fire Ins Exchange v Diehl*, 450 Mich 678, 683; 545 NW2d 602 (1996). The scope of the coverage is determined with reference to the terms of the insurance contract. *Id.*

MEEMIC claims that its policy did not afford coverage in the instant case because the underlying litigation involved neither an "insured person" nor an "insured car," as those terms were defined in the policy. We disagree. The policy provided:

> Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this Policy, we will pay damages for which an insured person is legally liable because of bodily injury or property damage arising out of the ownership, maintenance, or use . . . of an insured car.

The definition of an "insured person" under this provision includes the named insureds, the Segals, with respect to the use of "other cars." The policy's definition of an "insured car" includes an "other car," which the policy defined as "any car that you or any resident of your household does not own, lease for 31 days or

more, or have furnished or available for frequent or regular use." The policy further stated that "Insured Person(s) means: For Other Cars, used with the permission of a person having the right to grant it . . . ."

The Segals were the insured persons under the policy. Further, the rental car was an "insured car," because it was a car that the Segals did not own, it was not leased for thirty-one days or more, and it was not available for frequent or regular use. The trial court correctly ruled that no genuine issue of material fact existed on this point and that the MEEMIC policy afforded coverage to the Segals in the underlying litigation.[1]

Additionally, the rental agreement between Meyer Segal and Alamo provided that Segal was responsible for damage to the car.[2] The terms of the MEEMIC policy provided that MEEMIC was responsible for property damage to "other cars," subject to an exclusion that the trial court found to be inapplicable, and which MEEMIC does not challenge on appeal. Therefore, MEEMIC was also responsible for damage to the rental car.

MEEMIC claims that even if its policy provided coverage under these circumstances, Alamo, as the owner of the vehicle, had the duty to defend the Segals. The duty to defend and the duty to indemnify are distinct and separable duties. *American Bumper & Mfg Co v Hartford Fire Ins Co*, 452 Mich 440, 451,

---

[1] MEEMIC argues on appeal that Van Leeuwen was not an insured person under the policy. The trial court agreed and expressly stated that, under the policy, MEEMIC owed no duty to Van Leeuwen, only to the Segals.

[2] This Court upheld the validity of such contractual language in *Universal Underwriters Ins Co v Kneeland*, 235 Mich App 646, 651; 599 NW2d 519 (1999).

n 12; 550 NW2d 475 (1996); *Allstate Ins Co v Elassal*, 203 Mich App 548, 556, n 3; 512 NW2d 856 (1994). An insurer's duty to defend "arises solely from the language of the insurance contract." *Stockdale v Jamison*, 416 Mich 217, 224; 330 NW2d 389 (1982).

The rental agreement between Segal and Alamo did not provide for the defense of claims. In the absence of any such contract to defend, Alamo had no duty to defend the Segals in the underlying litigation. *Id.* The express terms of MEEMIC's policy, however, clearly required MEEMIC to defend the Segals in the underlying case. Because Alamo had no contractual obligation to defend the Segals, Alamo owed no duty in this regard. We therefore agree with the trial court that MEEMIC, rather than Alamo, had the duty to defend the Segals.

We reject MEEMIC's reliance on *Frankenmuth Mut Ins Co, Inc v Continental Ins Co*, 450 Mich 429; 537 NW2d 879 (1995). That case involved two insurance carriers, each of which had a contractual duty to defend. *Id.* at 436-437. In the instant case, only MEEMIC had a contractual duty to defend.

We also reject MEEMIC's contention that requiring MEEMIC to defend in the underlying litigation would undermine the intent of the Supreme Court's holding in *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25; 549 NW2d 345 (1996). *Enterprise* involved rental agreements of three car rental companies that purported to shift the responsibility for primary coverage from the rental company, the owner of the vehicle, to the renter's insurer. *Id.* at 27-28. The Supreme Court held that such a provision was void, as violative of the no-fault act, and held that "car rental companies must provide primary insurance coverage for liability arising out of the use

of their vehicles." *Id.* at 32. As the trial court in the present case correctly stated, the no-fault act was intended to protect the injured party, not the insured. See *Walker v Farmers Ins Exchange*, 226 Mich App 75, 78; 572 NW2d 17 (1997). The trial court's ruling, requiring MEEMIC, rather than Alamo, to provide a defense where the MEEMIC policy clearly affords coverage, including a contractual obligation to defend, would not frustrate the purpose of *Enterprise, supra.*

MEEMIC next argues that the trial court erred in ordering MEEMIC to pay the Segals' attorney fees incurred in defending this declaratory judgment action. We review a trial court's decision to award attorney fees for clear error, *Schadewald v Brulé*, 225 Mich App 26, 41; 570 NW2d 788 (1997), and the award itself for an abuse of discretion. *In re Attorney Fees & Costs*, 233 Mich App 694, 704; 593 NW2d 589 (1999). The Segals requested attorney fees pursuant to MCR 2.605(F), which allows trial courts to grant "necessary or proper relief based on a declaratory judgment . . . ." The trial court granted the Segals' request without citation of authority. While MCR 2.605(F) was not a proper basis on which to grant attorney fees because it does not expressly authorize a trial court to do so, see, generally, *Schiebout v Citizens Ins Co of America*, 140 Mich App 804, 814; 366 NW2d 45 (1985), and cases cited therein, we note that MCR 2.114(E) and (F) granted the court the authority to sanction MEEMIC for bringing the declaratory action for an improper purpose or for filing a frivolous claim.

The Segals found themselves caught in the middle of a dispute between two insurance companies. We agree with the crux of the Segals' request for sanc-

tions, which was that MEEMIC's claim that the policy did not cover the underlying accident was without merit pursuant to the plain language of the policy. Review of this issue is problematic, however, because the trial court neither stated the reasons for its decision to grant the Segals' request for attorney fees nor cited a specific court rule. We therefore remand to the trial court so that it may provide its reasoning behind the order imposing the Segals' attorney fees on MEEMIC. If the basis for the court's decision was MCR 2.605(F), then the award of attorney fees is vacated. However, if the court relied on MCR 2.114(E) or (F), then we affirm.

Affirmed, but remanded for resolution of the trial court's ruling regarding attorney fees. We do not retain jurisdiction.