*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLSTATE PROPERTY AND CASUALTY COMPANY,

UNPUBLISHED
May 7, 2020

Plaintiff-Appellant,

v

No. 348086
Macomb Circuit Court
LC No. 2018-001054-CK

VELINA MOSKWA,

Defendant-Appellee.

Before: RIORDAN, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(7). Plaintiff contends that the six-year statute of limitations under MCL 600.5807 had not expired when it filed its complaint because the limitation period was tolled by an earlier lawsuit between the parties under MCL 600.5856. We affirm.

This matter arises out of a December 24, 2010 motor vehicle accident, wherein defendant was driving her 1996 Mercury Mystique when she was struck by another vehicle and injured. Subsequent to the accident, defendant filed suit against plaintiff seeking first-party no-fault benefits. Following a settlement, defendant received benefits from defendant that included coverage for medical expenses, wages loss, replacement services, attendant care, and medical mileage. The case was closed in June 2014. On March 14, 2018, plaintiff instituted this action contending that, in fact, defendant's Mercury was uninsured at the time of the accident. Plaintiff sought a declaration that plaintiff was not liable to pay defendant's personal protection insurance (PIP) benefits.

Defendant sought summary disposition pursuant to MCR 2.116(C)(7), contending that the statutory limitation period had run and that plaintiff was barred from bringing its suit. As an aside, and as further detailed below, neither party disputes that the applicable statutory limitation period is six years, nor that plaintiff's claim began accruing in January 2011. However, plaintiff contended that the statutory limitation period was tolled by the parties' prior lawsuit. According

-1-

to plaintiff, plaintiff actually had until November 1, 2018 to file its complaint. The trial court disagreed, and held the criteria to toll the statutory limitation period did not exist. We agree.

"This Court reviews de novo a trial court's grant or denial of summary disposition in a declaratory-judgment action." *Mich Ed Employees Mut Ins Co v Turow*, 242 Mich App 112, 114; 617 NW2d 725 (2000) (citation omitted). "[MCR 2.116](C)(7) permits summary disposition where the claim is barred by an applicable statute of limitations." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). "The moving party may support its motion for summary disposition under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence, the substance of which would be admissible at trial. The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008) (citation and quotation marks omitted). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (citation omitted). Finally, "[s]tatutory interpretation is a matter of law that is reviewed de novo." *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 324; 869 NW2d 635 (2015) (citations and quotation marks omitted).

As noted above, neither party disputes that the relevant statute of limitations is found in MCL 600.5807, which provides a six-year limitation period for breach of contract actions.[1] Nor does any party dispute that plaintiff's claim accrued, at the latest, in January 2011. The only issue here is whether the statutory limitation period was tolled by the parties' prior lawsuit.

Plaintiff relies on MCL 600.5856, which provides, in pertinent part:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired. [MCL 600.5856(a) and (b).]

"This statute permits the tolling of the statute of limitations during the pendency of a prior suit between the parties where the prior action was not adjudicated on the merits." *Sherrell v Bugaski*, 169 Mich App 10, 17; 425 NW2d 707, 710 (1988).[2] "Subsections [a] and [b] of the tolling statute

---

[1] For statute of limitations purposes, claims for declaratory relief derive from an underlying substantive claim. See *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 455; 761 NW2d 846 (2008) ("Claims for declaratory relief must necessarily be based on an underlying substantive claim to satisfy the requirement that an 'actual controversy' exist."). We have held that, when the statute of limitations would bar granting relief on the underlying substantive claim, it also bars the same claim when stated as one seeking declaratory relief." *Id*. at 456. In this case, the trial court determined that plaintiff's claim for declaratory relief necessarily sounded in contract.

[2] The parties do not dispute that the prior action was not decided on the merits.

allow a lawsuit to go forward notwithstanding the statute of limitations when the defendant has already received notice of the allegations against him as a result of the prior lawsuit." *Mair v Consumers Power Co*, 419 Mich 74, 83; 348 NW2d 256 (1984).

We are inclined to agree with the trial court that this case does not implicate the tolling statute because of the disparate nature of the two cases, as well as the dissimilar positions of the parties between the cases. Defendant was the plaintiff in the former lawsuit, not the defendant. And, we note defendant's contention on appeal—a contention plaintiff does not dispute—that this lawsuit is the first time plaintiff has made the allegation that defendant's Mercury was actually uninsured at the time of the accident. More importantly, however, plaintiff has simply failed to present any evidence that the former lawsuit provided defendant any notice of the allegations that would be made against her in this lawsuit. See *id*. See also *Affiliated Bank of Middleton v Am Ins Co*, 77 Mich App 376, 378-380; 258 NW2d 232 (1977) (explaining that tolling generally requires, at a minimum, that the plaintiff in the subsequent lawsuit stand in the same position and represent the same interest as the plaintiff in the earlier suit).[3]

Here, plaintiff makes no attempt at arguing that it stands in the same position or represents the same interests as the plaintiff (the defendant in this case) from the prior lawsuit. That may be due to the inherent irrationality of that idea, but in any event, plaintiff cites no caselaw exemplifying an application of the tolling statute remotely similar to the manner it seeks to apply the statute in this case. We agree with the trial court that the tolling statute did not apply in this case, and accordingly, conclude that the trial court did not err in dismissing plaintiff's complaint under MCR 2.116(C)(7).

Affirmed. As the prevailing party, defendant may tax costs pursuant to MCR 7.219.


/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle

---

[3] While *Affiliated Bank* was decided before November 1, 1990, and is therefore not binding pursuant to MCR 7.215(J)(1), the case is uncontradicted and should be afforded significant deference. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).