COOLEY v MID-CENTURY INSURANCE COMPANY

1. Insurance—Automobiles—Defense of Suits—Attorney and Client—Attorney Fees.

An automobile insurer who wrongfully refuses to defend an action against its insured, on the ground that the action was not within the coverage of the policy, is liable for reasonable attorney fees incurred by the insured in the defense of the action brought against him.

2. Insurance—Automobiles—Defense of Suits—Insurer's Liability—Costs.

An automobile insurer which is found by a trial court to be obligated to defend its insured in a suit is liable for any necessary and proper investigative costs incurred by the insured in preparing a defense to the suit before the court's determination of the insurer's liability.

3. Costs—Attorney Fees—Declaration of Rights.

An allowance of attorney fees beyond those taxable as costs is not provided for in a declaration of rights proceeding by statute or court rule.

Appeal from Barry, Willard L. Mikesell, J. Submitted Division 3 December 5, 1973, at Grand Rapids. (Docket No. 15634.) Decided April 26, 1974.

Complaint by Duane W. Cooley and Lois J. Cooley against Mid-Century Insurance Company to recover attorney fees. Judgment for plaintiffs. Defendant appeals. Affirmed in part, reversed in part, and remanded.

References for Points in Headnotes

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 160–175.

[3] 7 Am Jur 2d, Automobile Insurance § 252.

*Hillman, Baxter & Hammond* (by *William M. Bremer),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

T. M. BURNS, P. J. On April 23, 1965, the defendant insurance company issued a policy to Mr. Cooley covering a 1954 Chevrolet owned by him. Prior to the issuance of this policy, namely in 1962, Mrs. Cooley purchased a 1958 Pontiac. Subsequent to the issuance of the policy, the Chevrolet became inoperable and the Cooleys had repairs made on the Pontiac and proceeded to use it.

On July 25, 1965, while operating the Pontiac, Mr. Cooley was involved in an accident in Barry County, Michigan, with an automobile driven by Gayle Kling and occupied by Linda Kling and David Ulrich as passengers. Cooley notified the insurance agency in Hastings, Michigan that an accident occurred.

On August 5, 1965, Mr. Bates, on behalf of defendant, wrote a letter to Mr. Cooley stating that the company would be unable to extend coverage to Mr. Cooley for his loss and advising him to make other arrangements in regard to his loss.

On August 21, 1965, the Cooleys retained an attorney to protect their interests. The attorney investigated the accident and proceeded to correspond with and obtain statements from witnesses to the accident.

In January of 1968, suits were instituted against the Cooleys on behalf of Linda Kling and Bertha

Kling, her mother.* The Cooleys' attorney mailed
a letter to Farmer's Insurance Group, the parent
company of defendant, demanding that they as-
sume the defense of both actions on behalf of the
Cooleys.

In February of 1968, an attorney for defendant
filed answers and a demand for jury on behalf of
the Cooleys. At the same time he mailed a reserva-
tion of rights letter to the Cooleys.

Defendant then filed a declaratory judgment
action against the Cooleys to determine whether
the Cooleys were covered by the insurance policy
and whether the company was obligated to defend
the actions instituted by the Klings against the
Cooleys. In June of 1969, the court entered a
judgment in favor of the Cooleys. Defendant ap-
pealed, but subsequently the appeal was dismissed
upon stipulation of the parties. Defendant then
proceeded to defend and eventually settle both of
the Kling lawsuits against the Cooleys.

Plaintiffs then instituted the present suit to
recover the amount of attorney fees incurred in
preparing for the defense of both of the lawsuits
initiated by the Klings.

The lower court granted judgment for the plain-
tiffs on October 30, 1972. It is from this judgment
that defendant appeals. The issues raised on ap-
peal will be discussed and decided in the manner
presented below.

Defendant first contends that plaintiffs are not
entitled to recover their attorney fees incurred in
the investigation and preparation for suit prior to
the date that the defendant appeared to defend
the suits. The substance of defendant's argument
is that since it ultimately defended the lawsuits in

---

* David Ulrich later filed a suit against the Cooleys in April of
1968.

question, it should not be obligated to pay for the fees incurred by the Cooleys prior to the time it entered the case. Defendant claims that any duty owed by it to investigate a claim is a duty owed to itself and not to the insured, and therefore it should not be obligated to pay for legal advice obtained by the insured voluntarily. With this contention, we cannot agree.

The concluding paragraph of the letter of August 5, 1965, from defendant to Mr. Cooley stated in pertinent part as follows:

"Under the circumstances, we must advise that we will be unable to extend any insurance coverage to you for the loss of the above date. *It will be necessary for you to make any arrangements you see fit to handle this loss to a conclusion.*" (Emphasis added.)

We believe that by this language the defendant told the Cooleys that it was up to them to investigate and defend any suit which might arise from the accident. The Cooleys did just that by engaging an attorney to protect their interests. The defendant, having been found to be under a duty to defend the Cooleys, cannot now be heard to say that it is not responsible for the costs incurred by the Cooleys in investigating and preparing for any subsequent lawsuit. We believe that in this case the defendant had the duty, even if it had reservations about the ultimate issue of coverage, to investigate the accident and advise the Cooleys that it would do so under reservation of rights to later determine whether any coverage existed. It should not have merely abandoned the Cooleys and required them to pay for the investigation pending the determination of that issue.

An insurer who wrongfully refuses to defend an action against the insured, on the ground that the

action was not within the coverage of the policy, is liable for reasonable attorney fees incurred by the insured in the defense of the action brought against them. *City Poultry & Egg Co v Hawkeye Casualty Co,* 297 Mich 509; 298 NW 114 (1941).

We are of the opinion that the duty to defend necessarily includes any investigation necessary and proper in preparing a defense, for absent such investigation the defense of any subsequent suit filed will be seriously impaired. Therefore, where the insurer's duty to defend is in issue, its liability for the costs of a necessary and proper investigation will depend on the resolution of that issue. If a trial court determines that an insurer was obligated to defend its insured, then the insurer is liable for any investigative costs. Where an insurer breaches its duty to defend, it is not permitted to reap the fruits of an investigation performed by its insured without compensating the insured for the costs of his investigative efforts.

Based upon this holding that trial preparation is included within the insurer's duty to defend, the defendant in this case breached its duty to defend when it failed to investigate the claim upon receiving notice from the Cooleys and, therefore, is responsible for the cost of the investigation which was necessarily undertaken for the Cooleys' protection. Therefore, the trial court's judgment to that effect was proper.

Defendant's second contention is that an insurer is not liable for its insured's attorney fees in connection with the insured's defense of a declaratory judgment action by the insurer alleging a lack of coverage for the accident.

Plaintiffs maintain that the attorney fees relating to their defense of the declaratory judgment action are damages resulting from a continuing

breach of the duty to defend on the part of the defendant.

While other jurisdictions have split on this question, our Court has recently considered this precise issue. In *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74–76; 212 NW2d 821, 823–824 (1973), the Court stated:

"In England, attorneys' fees are taxable as 'costs' of litigation in all civil suits. But American courts have stepped to the beat of a different drummer. As a general rule, our courts have refused to allow recovery of attorneys' fees, either as an element of the costs of the suit or as an item of damages, unless allowance of a fee is expressly authorized by statute or court rule. See 20 Am Jur 2d, Costs, § 72, pp 58–59, and 22 Am Jur 2d, Damages, § 165, pp 234–235. The rule has persisted despite the vigorous attack of commentators advocating adoption of the English rule.

"By statute or court rule, Michigan has provided for the recovery of attorneys' fees in special classes of litigation, *e.g.,* GCR 1963, 726 (divorce or separate maintenance); GCR 1963, 749.4, 750.4 (partition); MCLA 451.810(a)(2); MSA 19.776(410)(a)(2) (Blue Sky Law suits for rescission); MCLA 570.12; MSA 26.292 (mechanic's liens); MCLA 600.2431(2); MSA 27A.2431(2) (foreclosure by advertisement); MCLA 600.2435; MSA 27A.2435 (judgment creditor proceedings); MCLA 600.2425(1); MSA 27A.2425(1) (action to abate a nuisance commenced without reasonable ground or cause; 'attorneys' fees are proper costs'); GCR 1963, 526.7, 116.5, 117.3 (filing an affidavit opposing a motion for summary or accelerated judgment without good faith and for purposes of delay); GCR 1963, 306.7 (failure of moving party to subpoena witness to be deposed or to attend and proceed with deposition); and GCR 1963, 313.1(3) (refusal to admit facts and genuiness of documents); GCR 1963, 111.6 (unwarranted allegations and denials); GCR 1963, 816.5 (vexatious appeals).

"No Michigan statute or court rule provides for an allowance of attorneys' fees in a declaration of rights proceeding. On this basis, the plaintiffs in a Connecticut

case, *Peterson v Norwalk,* 152 Conn 77, 80–81; 203 A2d 294, 296 (1964), were denied attorney fees."

And in *Peterson v Norwalk,* 152 Conn 77, 80; 203 A2d 294, 296 (1964), the Connecticut Supreme Court said:

"Neither the statutes nor the rules provide for an allowance for counsel fees in declaratory judgment actions. *West Haven Bank & Trust Co v McCoy,* 117 Conn 489, 496; 169 A 49 [1933]; *South Norwalk Trust Co v Knapp,* 128 Conn 426, 432; 23 A2d 519 [1941]."

Therefore, we are left with only the authority of the statute and court rule, and plaintiff in relation to the declaratory judgment action is, under the above analysis, entitled only to the attorney fee taxable as costs. MCLA 600.2401; MSA 27A.2401; MCLA 600.2405; MSA 27A.2405; MCLA 600.2441; MSA 27A.2441; *Kuberski v Panfil,* 275 Mich 495; 267 NW 730 (1936).

Affirmed in part and reversed in part. Remanded for the entry of a judgment consistent with this opinion. No costs on this appeal, neither party having fully prevailed.

All concurred.