SHEPARD MARINE CONSTRUCTION COMPANY v MARYLAND
CASUALTY COMPANY

1. INSURANCE—POLICIES DRAFTED BY INSURER—CONSTRUCTION OF PRO-
   VISIONS—UPHOLDING COVERAGES.

    Provisions of insurance policies that are drafted by the insurer
    are to be construed in favor of the insured to uphold coverage.

2. INSURANCE—DUTY TO DEFEND—PLEADINGS OF THIRD PARTY.

    There is no principle of law which allows an insurer to determine
    its contractual liability to defend an insured on the basis of
    pleadings filed by a third party in an action against the
    insured; the insurer has the duty to look behind the third
    party's allegations to analyze whether coverage is possible.

3. INSURANCE—ATTORNEY FEES—ACTUAL ATTORNEY FEES—DUTY TO
   DEFEND—BREACH OF DUTY—TAXABLE COSTS—DECLARATORY AC-
   TIONS.

    Actual attorney fees for an insured's defense of an action by a
    third party are recoverable from an insurer which breaches its
    duty to defend; however, an insured may not be allowed attor-
    ney's fees in excess of taxable costs for a declaratory action to
    enforce insurance coverage.

Appeal from Macomb, Edward J. Gallagher, J.
Submitted November 8, 1976, at Detroit. (Docket
No. 26842.) Decided December 10, 1976.

Complaint by Shepard Marine Construction
Company against Maryland Casualty Company for

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 257 *et seq.*
[2] 44 Am Jur 2d, Insurance § 1535 *et seq.*
   Allegations in third person's action against insured as determining
   liability insurer's duty to defend. 50 ALR2d 458.
[3] 44 Am Jur 2d, Insurance § 1547.
   Consequences of liability insurer's refusal to assume defense of
   action against insured upon ground that claim upon which action
   is based is not within coverage of policy. 49 ALR2d 694.

a declaratory judgment to establish the defendant's duty to defend the plaintiff in a prior negligence action brought by a third party and to pay. for the damages recovered by the third party in the prior action. Judgment for plaintiff. Defendant appeals. Affirmed in part and remanded.

*Robert L. Coburn,* for plaintiff.

*James M. Prahler,* for defendant.

Before: D. F. WALSH, P. J., and R. B. BURNS and O. B. BIVINS,* JJ.

R. B. BURNS, J. Defendant-insurer appeals from a judgment establishing its duty to defend plaintiff in a negligence action and to pay for damages recovered by a third party in the prior action.

The prior suit arose when plaintiff, just having completed a seawall and a boat well along a canal in Harrison Township, was attempting to turn a barge-crane, used for the construction, so that the barge could be towed away down the canal. To turn the barge, the crane crew would repeatedly "cast" the crane bucket into the canal and then maneuver the floating construction platform. During one of these casts, the bucket ruptured a Harrison Township water main submerged under the canal.

When Harrison Township sued plaintiff for damages, defendant refused to defend on the grounds that the accident fell within the insurance policy's underground property damage hazard exclusion. During pendency of that suit, plaintiff filed this declaratory judgment action.

The negligence suit resulted in a bench judgment for Harrison Township for $9,170.63 for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

damages, interests and costs. The declaratory judgment action resulted in an award for plaintiff of $9,170.63 as compensation for the judgment in the prior suit, $4,284.10 as recompense for attorneys' fees incurred in the defense and appeal of the suit by Harrison Township, and $1,722.50 for attorneys' fees resulting from the prosecution of the declaratory judgment by plaintiff.

Defendant's first claim on appeal is that the trial judge erred in holding defendant liable for coverage under the policy's completed operations provision, which was not limited by the underground property damage exclusion relied on by defendant in refusing to take up the defense of the prior suit. In a stipulation of facts, the parties agreed that the crane bucket ruptured the water main "upon the completion of construction". Since insurance policies drafted by the insurer are to be construed in favor of the insured to uphold coverage, *Francis v Scheper,* 326 Mich 441; 40 NW2d 214 (1949), *Arrigo's Fleet Service, Inc v Aetna Life & Casualty Co,* 54 Mich App 482; 221 NW2d 206 (1974), *lv den,* 392 Mich 812 (1974), we feel that the trial judge did not err in finding liability under the completed operations coverage. Although the trial judge in his opinion stated incorrectly that he was bound on the question of completion of construction by the findings of fact in the prior action, any error in this regard was dissolved by the stipulation of facts of the parties in this action.

Next, defendant argues that, even if the facts indicate that operations were completed, the defendant's duty to defend was governed by the pleadings of Harrison Township, which alleged that the accident occurred during construction, *i.e.,* prior to the completion of operations. Cases which seem to hold that the duty to defend de-

pends on the allegations, *e.g., Space Conditioning, Inc v Insurance Company of North America,* 294 F Supp 1290 (ED Mich, 1968), *aff'd,* 419 F2d 836 (CA 6, 1970), are essentially upholding another general principle, that the duty to defend encompasses even frivolous and unfounded allegations if, as in the case at bar, a policy clause so provides. This principle cannot be reversed, however, to make the insurer's duty to defend depend upon the skill in pleading of a third party. As the California Supreme Court has stated:

"Defendant can not construct a formal fortress of the third party's pleadings and retreat behind its walls. The pleadings are malleable, changeable and amendable. * * *

"To restrict the defense obligation of the insurer to the precise language of the pleadings would not only ignore the thrust of the cases but would create an anomoly for the insured." *Gray v Zurich Insurance Co,* 65 Cal 2d 263, 276; 419 P2d 168, 176; 54 Cal Rptr 104, 112 (1966).

The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. See 14 Couch on Insurance 2d, § 51:47, p 540 (Supp 1975–1976). In this case, defendant chose only to ignore plaintiff's request. Defendant cannot use the technicalities of pleading to dispel the stipulated facts that construction operations were completed.

Defendant also questions the propriety of the lower court's award to plaintiff of actual attorneys' fees for the prosecution of this declaratory judgment action against defendant. Although actual attorneys' fees for the insured's defense of an action by a third party are recoverable from the insurer which breaches its duty to defend, the

established rule in Michigan is that the insured may not be allowed attorneys' fees in excess of taxable costs for the declaratory action to enforce insurance coverage. *Cooley v Mid-Century Insurance Co,* 52 Mich App 612; 218 NW2d 103 (1974), *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). The trial judge erred in awarding $1,722.50 in actual attorneys' fees for the action below.

Affirmed in part and reversed in part. Remanded for the entry of a judgment consistent with this opinion. No costs on this appeal, no party having fully prevailed.