**LUNDY, BUTLER & LUNDY,**
**Plaintiff-Appellee,**

v.

**Susan Jane BIERMAN and John F. Bierman, III, Defendants-Appellants.**

No. 85–1734.

Court of Appeals of Iowa.

Oct. 22, 1986.

John F. Bierman III of Bierman, Bierman & Stewart, Grinnell, for defendants-appellants.

Theodore T. Duffield of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for plaintiff-appellee.

Heard by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

HAYDEN, Judge.

From October, 1981, to April, 1982, attorney John Butler, a partner of the Lundy, Butler and Lundy law firm, represented Susan Bierman in her dissolution proceeding. When Mr. Butler took the case from Mrs. Bierman's prior counsel, preparation for trial had not yet begun. From his assumption of the case until the trial (March 1, 2, and 3), Mr. Butler prepared stipulations, motions, counterproposals, and depositions. Because of the nature of the attorney/client relationship numerous telephone conference and personal meetings were required. After the decree of dissolution had been entered, Mr. Butler billed Mrs. Bierman for $11,734.07 of which $10,360 or 103.6 hours, was for services rendered and the rest for expenses. Mrs. Bierman refused to pay this bill.

On April 4, 1983, plaintiff filed its petition in equity, seeking a judgment against Mrs. Bierman based upon her failure to pay for services rendered and against Mr. Bierman pursuant to an attorney's lien filed in Poweshiek County. The lien is against the funds and properties payable under the terms of the dissolution decree by Mr. Bierman to Mrs. Bierman. On November 12, 1985, the district court entered a judgment against defendants for services rendered in the amount of $10,360, expenses in the amount of $1,082.89, a total of $11,442.89, and interest at the rate of ten percent per annum from and after April 4, 1983. From this judgment the Biermans have appealed.

Defendants contend the district court abused its discretion by granting the plaintiff a continuance rather than dismissing the case for want of prosecution pursuant to Iowa Rule of Civil Procedure 215.1. They also contend that Mr. Butler was entitled to no fees because he breached his fiduciary duty; in the alternative, they contend the fees claimed are unreasonable and should be reduced by the amount lost by Mrs. Bierman due to Mr. Butler's ignorance or negligence.

Our review is de novo. *See Carmichael v. Iowa State Highway Commission*, 219 N.W.2d 658, 662 (Iowa 1974). Although not bound by them, we give weight to the findings of fact of the trial court. Iowa R.App.P. 14(f)(7).

**I.**

On August 11, 1984, a try or dismiss notice, pursuant to Iowa Rule of Civil Procedure 215.1, was served upon the parties. The plaintiff requested a continuance on December 26, 1984, which the court granted, after a hearing on December 31, 1984.

The defendants contend the district court abused its discretion by granting the plaintiff a continuance rather than dismissing the case for want of prosecution pursuant to Iowa Rule of Civil Procedure 215.1. They argue that the plaintiff's application for a continuance, which referred to unsuccessful settlement negotiations as a reason for delay, did not state an adequate ground for continuance under rule 215.1. In addition, the defendants argue the district court erred by making no findings and

conclusions in its order granting a continuance.

■ The automatic dismissal pursuant to Rule 215.1 is not discretionary with the trial court, but the court does have discretion to grant continuances for just cause upon timely application. *Miller v. Bonar*, 337 N.W.2d 523, 526 (Iowa 1983). Absent a showing the trial court's discretion was exercised on grounds or reasons clearly untenable or to an extent clearly unreasonable, we will not interfere. *Glenn v. Farmland Foods, Inc.*, 344 N.W.2d 240, 243 (Iowa 1984). The following language was set forth in *Doland v. Boone County*, 376 N.W.2d 870, 873 (Iowa 1985):

> [T]he burden of seeking a continuance is on the applicant because he or she is the one to whom it must have been apparent in advance that the case could not be ready for trial. Requiring an applicant to prepare a motion for continuance and either obtain a ruling on it or to have it taken under advisement by the court between the time of notification by the clerk of court, no later than August 15, and dismissal as of January 1 is not overly burdensome.

■ The plaintiff sustained its burden of seeking the continuance and the trial court exercised its discretion based upon reasonable grounds, therefore we affirm the lower court's conclusion.

## II.

The defendants contend the award of fees to the plaintiff law firm was erroneous. They argue attorney Butler is entitled to no fees at all because he breached his fiduciary duties to Susan Bierman by unreasonably advising her to reject a settlement offer in the dissolution case which proved to be larger than the award ultimately made by the dissolution decree. In the alternative, the Biermans argue attorney Butler's fee requests are excessive. Finally, the Biermans argue any fees allowed to the plaintiff law firm should be reduced by the amount of loss Susan Bierman allegedly suffered because of attorney Butler's bad advice.

In October of 1981, Mrs. Bierman became dissatisfied with her legal representation and sought the counsel of Mr. Butler. During the initial stages of their relationship the parties agreed on a fee of $100 per hour for Mr. Butler. Throughout the preparation for and trial of this case, plaintiff sent defendant monthly statements. The record reveals Mrs. Bierman testified plaintiff told her the fees would be $5,000 if they went to trial and $8,000 if settlement was reached. She also testified plaintiff told her that her attorney fees would be paid in full by Mr. Bierman. Beyond these self-serving statements, no evidence of any limit regarding fees was presented. In fact, Mr. Butler testified that he never gave her any estimate as to the total fee. Both parties agree Mrs. Bierman sought Mr. Butler's employment because her prior counsel had not spent enough time on the case. Mr. Butler put other work aside to develop the case as thoroughly as possible and to bring it to trial quickly.

Mr. Bierman submitted a proposal for settlement before Mr. Butler was employed. Upon Mr. Butler's suggestion, this proposal was rejected and a counterproposal was submitted. Then Mr. Bierman offered a counterproposal of his own. The parties also conducted verbal negotiations at the outset of trial, but no settlement was reached. We note that prior to the issuance of the findings of fact and conclusions of law Mrs. Bierman did not indicate any dissatisfaction with Mr. Butler's work.

■ Initially we address the argument that plaintiff breached a fiduciary duty owed to Mrs. Bierman. Defendants, in their brief, direct us to the following language: "An attorney who acts in bad faith and seeks to secure his personal advantage to the prejudice of his client may properly be denied any compensation for his services." *Donaldson v. Eaton & Estes*, 136 Iowa 650, 656, 114 N.W. 19, 21 (1908). Not only has there been no showing of a breach of fiduciary duty, but we find that plaintiff in no way acted in bad faith or sought to secure any personal advantage to Mrs. Bi-

erman's prejudice. Therefore, we consider this argument to be without merit.

■ The burden rests upon the party requesting compensation as the fiduciary attorney to show the services rendered were reasonably necessary and the value thereof. *Estate v. Myers*, 269 N.W.2d 127, 129 (Iowa 1978); *Matter of Estate of Bruene*, 350 N.W.2d 209, 217 (Iowa Ct. App.1984). The parties agreed to $100 per hour as the valuation, therefore, we are concerned solely with the necessity of the services.

Regarding fees for legal services, the Iowa Code of Professional Responsibility DR 2–106(B), provides:

(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence, would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

■ Any determination of attorney fees must include but is not limited to, a consideration of the amount of time spent; nature, extent and difficulty of the services; amount involved; responsibility assumed; results obtained; customary charges for similar services; and professional standing and experience of the attorney. *In re Marriage of Jennerjohn*, 203 N.W.2d 237, 245 (Iowa 1972).

Here a rate of $100 per hour was agreed upon and plaintiff performed the services listed on the bill of particulars. Upon careful review of the trial testimony and plaintiff's bill of particulars, we find plaintiff's fees were not excessive and the time spent was reasonably necessary to provide the best possible results.

■ Defendants contend this was a run-of-the-mill dissolution case, the facts refute this assertion. As evidenced by the attempts at settlement, the parties were not willing to cooperate. There was a large amount of money involved and the custody of the children was at issue. As a result of Mrs. Bierman's personality, unusual demands were made upon the plaintiff. Not only did she make numerous phone calls to plaintiff's home, but as a general rule Mrs. Bierman often gave specific directions to counsel while she refused to follow instructions.

Beyond merely noting that plaintiff's fees and actions were reasonable, we support the following: "The legal profession cannot remain a viable force in fulfilling its role in our society unless its members receive adequate compensation for services rendered, and reasonable fees should be charged in appropriate cases to clients able to pay them." Ethical Consideration 2–18. Since we find plaintiff's actions reasonable, we disagree with defendant's contention that plaintiff's fees should be reduced because of Mr. Butler's alleged negligence.

■ The actual crux of this appeal is that Mrs. Bierman is unhappy with the award of the trial court. This is most evidenced by the fact that no complaint arose regarding Mr. Butler until the trial court's decision had been returned. An attorney is not an insurer of the successful outcome of litigation unless he makes a special contract to that effect. 7 Am. Jur.2d *Attorneys at Law* § 260 (1980). If

Mrs. Bierman was unhappy with the outcome, an appeal should have been taken, which Mr. Butler was preparing when released.

 The trial court used the correct principals of law in making its decision. *See Heninger & Heninger v. Davenport Bank and Trust*, 341 N.W.2d 43, 48 (Iowa 1983). When a person performs services for another at the latter's request, the latter is liable for the services in the absence of special circumstances. *Id.* at 47. The plaintiff performed the services requested by Mrs. Bierman and we find that his performance was more than competent; therefore we affirm the district court.

AFFIRMED.