The OSCAR W. LARSON COMPANY, Plaintiff,

v.

UNITED CAPITOL INSURANCE CO., Defendant.

No. 1:92–CV–244.

United States District Court, W.D. Michigan, S.D.

Dec. 15, 1993.

Lisa Stoy, Bigler, Berry, Johnston, Sztykiel & Hunt, P.C., Troy, MI, Joseph Falcone, Southfield, MI, for plaintiff.

Constantine N. Kallas, Leonard A. Henk, Kathlyn M. Rasmussen, Kallas & Henk, PC, Bloomfield Hills, MI, for defendant.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

In this action, plaintiff Oscar W. Larson Company requests both (1) a declaration that defendant United Capitol Insurance Co. must defend plaintiff, its insured, in an underlying state court action relating to an allegedly negligent installation of a gasoline containment system, Kent County Circuit Court Case No. 91–72598–NP and (2) a judgment for attorney fees and costs that plaintiff incurred in obtaining other representation. On November 30, 1993, the Court conducted a

bench trial in which the parties presented evidence and argument. The following constitutes the Court's findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52.

## I.

■ At issue is whether defendant has a duty to defend plaintiff in the underlying state action. The Court incorporates by reference its two previous Opinions in this matter issued on February 2 and September 7, 1993. Based on its discussion in those opinions of the coverage exclusions and the absence of any evidence of contracts of indemnification relating to the potential exclusion of coverage in paragraph 2(b) of the policy, the Court determines that defendant has a contractual duty under the policy to defend plaintiff in the underlying state court action. Further, based on evidence and stipulations adduced at trial, the Court also determines that defendant did not offer to accept plaintiff's defense and did not defend plaintiff in the underlying suit. The Court, therefore, determines that defendant breached its contractual duty under the insurance policy to defend plaintiff.

## II.

Also at issue is the scope of defendant's duty to defend plaintiff. This requires both determining when defendant's duty to defend arose and whether it extends to affirmative claims against other parties.

### A.

■ The parties dispute when defendant's duty arose. Even after the Court's two previous opinions, defendant continues to deny that it has a duty to defend plaintiff under the terms of the policy and the facts of the case. Nevertheless, defendant does acknowledge the Court's determination that defendant has a duty to defend plaintiff. Assuming liability *arguendo,* defendant contends that its liability did not arise when plaintiff tendered to defendant its defense on November 21, 1991, in the underlying state court action. Rather defendant maintains that its duty to defend arose only after the principal plaintiff in the state court action, Meijer, Inc., amended its complaint on February 14, 1992, to allege pollution damage, which this Court determined was covered under the policy and required defendant to defend plaintiff.

■ The Court determines that under Michigan law an insurer's duty to defend arises when an insured tenders to its insurer its defense to a claim that is potentially covered by the policy. *Fireman's Fund Ins. Co. v. Ex–Cell–O Corp.,* 790 F.Supp. 1318, 1330 (E.D.Mich.1992). Also, an insurer has a duty to evaluate a tendered defense for possible coverage, *Shepard Marine Constr. Co. v. Maryland Cas. Co.,* 73 Mich.App. 62, 250 N.W.2d 541 (1976), and resolve any doubt of coverage in favor of the insured. *Detroit Edison Co. v. Michigan Mut. Ins. Co.,* 102 Mich.App. 136, 141–42, 301 N.W.2d 832 (1980).

Plaintiff initially was sued in the Kent County Circuit Court by a third-party plaintiff alleging that the principal plaintiff, Meijer, Inc., claimed that secondary containment systems for gasoline tanks installed at several of its retail outlets did not function properly. On November 21, 1991, plaintiff tendered defendant its defense to this third-party claim. Defendant did not refuse plaintiff's tender of its defense until January 21, 1992, contending that even if pollution property damage were alleged no coverage existed for this claim because of the "pollution property damage" exclusion. On February 14, 1992, the principal plaintiff amended its complaint and specifically alleged pollution damage. As determined in the Court's two previous opinions, the pollution exclusion does not relieve defendant of its duty to defend plaintiff against claims alleging pollution damage.

The Court finds that the third-party claim against plaintiff in the state court action stated a claim that was potentially covered by the insurance policy and, therefore, defendant was obligated to fairly investigate the claim for coverage, resolve any doubtful coverage issue in favor of the plaintiff, and accordingly defend plaintiff as of November 21, 1991, the date that plaintiff tendered its defense to defendant.

### B.

■ The parties also dispute whether defendant's duty to defend requires it to assume liability for plaintiff's claims for affirmative relief against other parties in the underlying state court action. Assuming *arguendo* that it even has a duty to defend plaintiff in the state court action, defendant maintains that plaintiff is not entitled to attorney fees for prosecuting counterclaims and cross-claims for affirmative relief in the state action. Plaintiff argues that it is entitled to recover attorney fees for these types of claims because they are actually defensive in nature and prosecuted to limit or defeat plaintiff's liability in the state court action.

As a matter of law, the Court determines that such defense costs, as are present in this case, are expenses which are reasonable and necessary to limit or defeat liability. *Fireman's Fund,* 790 F.Supp. at 1344; *see also Safeguard Scientifics, Inc. v. Liberty Mut. Ins. Co.,* 766 F.Supp. 324 (E.D.Pa.1991). Further, the Court finds that, based on the evidence, especially the testimony of Joseph Falcone, plaintiff's counterclaims and cross-claims for affirmative relief in the state court action are defensive in nature and prosecuted to limit or defeat plaintiff's liability in that action. Accordingly, the Court determines that the costs that plaintiff incurred in prosecuting these claims are properly considered as defense costs.

### III.

■ Finally at issue is the amount of attorney fees. Plaintiff argues that it should be awarded all of its actual attorney fees because that is its proper measure of damages for defendant's breach of its contractual duty to defend. Defendant contends that, assuming plaintiff is entitled to attorney fees, plaintiff is only entitled to reasonable attorney fees as determinable under *Crawley v. Schick,* 48 Mich.App. 728, 737, 211 N.W.2d 217 (1973).

The Court determines that as a matter of law plaintiff's request for attorney fees are in the nature of contractual damages for breach of defendant's duty to defend plaintiff as required by the insurance policy. *Murphy v. Cincinnati Ins. Co.,* 772 F.2d 273 (6th Cir.

1985); *Fireman's Fund,* 790 F.Supp. 1339, 1346; *Stockdale v. Jamison,* 416 Mich. 217, 330 N.W.2d 389 (1982).

The Court also determines that as a matter of law plaintiff is entitled to its reasonable attorney fees. Plaintiff notes that in *Shepard Marine Const. Co. v. Maryland Cas. Co.,* 73 Mich.App. 62, 250 N.W.2d 541 (1977), the court stated that:

> Although *actual* attorney's fees for the insured's defense of an action by a third party are recoverable from the insurer which breaches its duty to defend, the established rule in Michigan is that the insured may not be allowed attorney's fees in excess of taxable costs for the declaratory action to enforce insurance coverage. (emphasis added)

*Shepard Marine,* 73 Mich.App. 62, 250 N.W.2d at 543. However, the *Shepard Marine* court appears to have relied mistakenly on *Cooley v. Mid–Century Ins. Co.,* 52 Mich. App. 612, 218 N.W.2d 103 (1974) and *State Farm Mutual Automobile Ins. Co. v. Allen,* 50 Mich.App. 71, 212 N.W.2d 821 (1973). The *Cooley* court did not hold that actual attorney fees are recoverable. Rather it appears to allow reasonable attorney fees stating:

> An insurer who wrongfully refuses to defend an action against the insured, on the ground that the action was not within the coverage of the policy, is liable for *reasonable* attorney fees incurred by the insured in the defense of the action brought against them. *City Poultry & Egg Co. v. Hawkeye Cas. Co.,* 297 Mich. 509; 298 N.W. 114 (1941). (emphasis added)

*Cooley,* 52 Mich.App. 612, 218 N.W.2d 103. The *State Farm Mutual* court does refer to attorney fees, but does not appear to discuss or decide the distinction between actual and reasonable attorney fees and, therefore, provides no support for the *Shepard* court's statement that actual attorney fees are recoverable. Similarly the *Murphy* court refers to attorney fees but also does not appear to discuss or decide the distinction between actual and reasonable attorney fees. *Murphy,* 772 F.2d at 277. Plaintiff also relies on

*Iacobelli Constr. Co. v. Western Cas. & Sur. Co.*, 130 Mich.App. 255, 343 N.W.2d 517 (1983), for support, ostensibly because it approvingly quotes *Shepard*. However, the *Iacobelli* court specifically states that reasonable attorney fees are recoverable:

Under the circumstances of this case, we find the rationale of *Palmer [v. Pacific Indem. Co.*, 74 Mich.App. 259; 254 N.W.2d 52 (1977)]* persuasive in concluding that defendant breached its duty to defend. Where such breach occurs, the insured is entitled to the cost of the appeal and *reasonable* attorney fees. (emphasis added)

It appears that in Michigan an insured is entitled to recover reasonable attorney fees for an insurer's breach of its duty to defend its insured. The Court is unwilling to extend the law to include actual attorney fees that may be unreasonable.

■ Under the standards of *Crawley v. Schick*, 48 Mich.App. 728, 737, 211 N.W.2d 217 (1973), the reasonableness of attorney fees is evaluated by considering the experience, skill, and professional standing of the attorney; the time and labor involved in the litigation; the magnitude of the claim; the difficulty of the case; and the length and nature of the professional relationship between the attorney and client. The Court also considers the geographic market as relevant.

■ Although some evidence indicated that an insurance defense law firm's hourly rates for an insurance carrier ranged from $70 to $125, other evidence indicated that hourly rates for legal services provided to a corporate client on a temporary or ad hoc basis ranged up to $200. The evidence also indicated the following: (1) plaintiff's attorney possessed extensive experience and high professional standing; (2) the litigation involved significant time and labor, and plaintiff's attorney's time and labor were commensurate with that of other attorneys engaged in the same litigation; (3) the underlying action presented liability of potentially significant magnitude; and (4) plaintiff's attorney fees were comparable to those of attorneys in similar professional relationships with their clients in similar litigation.

Accordingly, the Court finds that the hourly rates ranging from $155 to $175 of plaintiff's attorney, Joseph Falcone, during the span of the litigation thus far, and for his associate counsel, Lisa Story, at $90 to be reasonable considering all the particular circumstances in this case. The Court also determines that based on evidence adduced at trial the amount of attorney fees that plaintiff requests in the amount of $158,-260.67 for the period from November 21, 1991, to November 22, 1993, is reasonable.

## IV.

The Court notes that defendant moved to quash a subpoena directed to William Knight, an employee of defendant, located in Atlanta, Georgia, as violative of Federal Rule of Civil Procedure 45. The motion should be granted.

## V.

The Court also notes that defendant moved post-trial to clarify the stipulation placed on the record to include the fact that on November 5, 1993, defendant had made two *conditional* proposals to accept plaintiff's defense, which plaintiff found unacceptable. The Court notes that the proposed clarification to the stipulation would be immaterial to its analysis and decision in this matter. After review of the parties' arguments, the Court determines that defendant's motion to clarify the stipulation should be denied.

## VI.

In conclusion, the Court determines that defendant has a contractual duty under the policy to defend plaintiff in the underlying state court action. The Court also finds that defendant's duty to defend plaintiff arose on November 21, 1991, when plaintiff tendered its defense to defendant. The Court also determines that plaintiff is entitled to reasonable attorney fees for both its legal defense to claims raised against it and for affirmative counterclaims and cross-claims that are defensive in nature that plaintiff prosecutes. The Court further finds that attorney fees in the amount of $158,260.67 are reasonable for

the period November 21, 1991, through November 22, 1993.