The KARTRIDG PAK CO., Plaintiff–Appellee,

v.

The TRAVELERS INDEMNITY COMPANY, Defendant–Appellant.

No. 87–157.

Court of Appeals of Iowa.

April 20, 1988.

Paul D. Lundberg and Michael R. Hellige of Shull, Cosgrove, Hellige, Kudej & De-Bray, Sioux City, for defendant-appellant.

Michael W. Ellwanger of Kindig, Beebe, Rawlings, Nieland, Probasco & Killinger, Sioux City, for plaintiff-appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Travelers Indemnity Company (Travelers) appeals the judgment of the district court which declared that its policy of insurance with Kartridg Pak Company required it to defend a civil action brought against Kartridg Pak by Iowa Meat Fabricators, Inc. (Iowa Meat). Travelers asserts the policy does not provide coverage for any of the claims of Iowa Meat and, therefore, it has no duty to defend Kartridg Pak.

Travelers insured Kartridg Pak under its general liability policy. The relevant provision of this policy provided:

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of....

    \*      \*      \*      \*      \*      \*

Coverage B. *property damage*
to which this insurance applies, caused by an *occurrence,* and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such ... *property damage,* even if any of the allegations of the suit are groundless, false or fraudulent....

The policy defined "property damage" as:

(1) [P]hysical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period. [Emphasis supplied.]

An "occurrence" was defined as:

[A]n accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured.* [Emphasis supplied.]

It is the contention of Travelers that Iowa Meat did not allege "property damage" or "damages because of property damage." Travelers also contends Iowa Meat did not sustain property damage, as defined by the policy. Thus, Travelers asserts there is no coverage under the policy and it has no duty to defend Kartridg Pak. Kartridg Pak contends the damages asserted against it were the result of property damage and such damage need not be alleged for coverage, and Travelers' duty to defend, to be triggered.

To determine whether Travelers had a duty to defend, we construe the policy and look to the pleadings of Iowa Meat and all other admissible and relevant facts in the record to ascertain whether there is coverage under the policy for the claims of Iowa Meat. *McAndrews v. Farm Bureau Mut. Ins. Co.,* 349 N.W.2d 117, 119 (Iowa 1984); *Central Bearings Co. v. Wolverine Ins. Co.,* 179 N.W.2d 443, 445 (Iowa 1970). If we conclude Travelers would not be bound to indemnify Kartridg Pak even if Iowa Meat should prevail, Travelers would have no duty to defend. *State Farm Auto Ins. Co. v. Malcolm,* 259 N.W.2d 833, 835 (Iowa 1977).

On April 23, 1984, Iowa Meat brought an action against Kartridg Pak alleging breach of contract and breach of express warranty, implied warranty of merchantability, and implied warranty of fitness for particular purpose. Iowa Meat asserted a mechanical deboner it leased from Kartridg Pak did not perform as promised, thereby causing the failure of its business. Iowa Meat had purchased a large quantity of pork loin backbones from a local packing house. Iowa Meat ran these backbones through the deboner, which ground them up and then separated the meat component from the bone. The deboner did not separate the meat and bone as adroitly as anticipated. Too much bone was left in the meat to allow it under government regulations to be sold for human consumption. Iowa Meat alleged it sustained damages in the sum of $800,000 for lost profits and $185,000 for lost investments of time and money. Iowa Meat also requested $1,000,-000 in punitive damages.

Kartridg Pak requested Travelers defend it in this lawsuit. Travelers declined to do so, for the reasons stated above. Kartridg Pak brought this declaratory action, seeking a determination there is coverage and an order for Travelers to reimburse it for all expenses incurred in the Iowa Meat lawsuit. Kartridg Pak contended the failure of the deboner to sufficiently separate the meat and bone after grinding up the backbones, and thereby diminishing their value, constituted the requisite "property damage" causing the damages alleged by Iowa Meat. The district court determined there was coverage for at least one or more of Iowa Meat's claims against Kartridg Pak and Travelers had a duty to defend in that action. This appeal by Travelers followed.

The initial issue we must resolve is whether the alleged diminution in value of the backbones constituted "property damage," as defined by the policy. If so, all damages caused by the diminution, such as lost profits and investments, would be covered by the policy. If not, no damages caused by the diminution would be covered. *See Ludwig Candy Co. v. Iowa Nat. Mut. Ins. Co.*, 78 Ill.App.3d 306, 311, 33 Ill.Dec.

605, 608, 396 N.E.2d 1329, 1332 (1979) (policy language nearly identical to that involved herein plainly indicated "that only if the insured is liable for bodily injury or property damage must the insurance company pay 'all sums' insured is obligated to pay").

As noted in *American Home Assur. Co. v. Libbey–Owens–Ford Co.*, 786 F.2d 22 (1st Cir.1986):

> [A]lthough a number of courts have held that intangible losses, such as loss of use or diminution of value, are "property damage," *see, e.g., McDowell–Wellman Eng. v. Hartford Acc. and Indem.*, 711 F.2d 521, 525–26 & n. 7 (3rd Cir.1983) (and cases cited therein); *Hauenstein v. St. Paul–Mercury Indemnity Co.*, 242 Minn. 354, 65 N.W.2d 122, 124–26 (1954), all such decisions had interpreted policy language defining property damage as "injury to tangible property" rather than *"physical* injury to tangible property." In cases in which courts have interpreted more recent policies in which property damage is defined as "physical" injury to tangible property, such courts have held that intangible damages, such as diminution in value, are not considered property damage. *See, e.g., Wyoming Sawmills v. Transportation Ins. Co.*, 282 Or. 401, 578 P.2d 1253 (1978); *Federated Mutual Insurance Co. v. Concrete Units, Inc.*, 363 N.W.2d 751, 757 (Minn.1985).

> \*   \*   \*   \*   \*   \*

> The critical difference in policy language is the result of a 1973 revision of the Comprehensive Liability Policy, used by most insurance companies, which expressly added the modifier "physical" injury to the definition of "property damage" in order to restrict recovery for intangible losses.... Under this policy language, some physical injury to tangible property must be shown in order to trigger coverage.

*Id.* at 25.

The policy in this case reflects this change in the definition of property damage. We believe the requirement of "physical injury to or destruction of tangible

property" is clear and unambiguous; we need not resort to rules of construction. *Bertran v. Glens Falls Ins. Co.*, 232 N.W. 2d 527, 530 (Iowa 1975). We conclude intangible damages, such as diminution in value, do not constitute physical injury to or destruction of tangible property. Thus, the alleged diminution in this case did not trigger coverage under the policy or Travelers' duty to defend.

Nor are we persuaded the act of grinding up the backbones constituted the requisite physical injury. The act giving rise to the claims of Iowa Meat was the failure of the deboner to sufficiently separate the meat and bone after the grinding had already occurred. It was not the process of grinding itself; that process was intended to occur by both Iowa Meat and Kartridg Pak. Although the failure to sufficiently separate the meat and bone allegedly diminished the value of the backbones, it did not physically injure the product. Thus, this failure cannot support coverage for damages allegedly caused by it. *See Lud-*

*wig*, 78 Ill.App.3d at 310, 33 Ill.Dec. at 608, 396 N.E.2d at 1332.

We conclude the district court erred by determining there was coverage for at least one or more of Iowa Meat's claims against Kartridg Pak. We determine, after examining the policy, the pleadings, and all other admissible and relevant facts in the record, no property damage occurred to trigger coverage. We conclude the district court also erred by determining Travelers had a duty to defend Kartridg Pak in the lawsuit brought by Iowa Meat. Our disposition of the issue of "property damage" also resolves in favor of Travelers the issue of coverage under the contractual liability provisions of the policy.

REVERSED.