# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2861
_____

Decker Plastics Inc.

*Plaintiff - Appellant*

v.

West Bend Mutual Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: March 11, 2016
Filed: August 19, 2016
[Published]

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.[1]

_____

PER CURIAM.

At the time in question, Al's, Inc. of Storm Lake, Iowa ("Al's"), packaged and sold landscaping materials. Decker Plastics Corp. ("Decker") sold plastic bags to

_____

[1]This opinion is being filed by Judge Loken and Judge Kelly pursuant to 8th Cir. Rule 47E.

A1's that A1's filled with landscaping materials (sand and rock) and stored outdoors for sale to its customers. Because Decker failed to manufacture the bags with an ultraviolet inhibitor ("UVI"), the bags deteriorated in the sunlight, causing small shreds of plastic to commingle with A1's landscaping materials, sometimes while still in A1's inventory and sometimes after delivery to its customers. As the contaminant could not be inexpensively separated from A1's products, Al's had to clean spilled materials from customer sites, purchase replacement bags from another supplier, and pay to clean up its own premises.

A1's sued Decker to recover its losses. Decker and A1's settled the lawsuit, and Decker filed a claim with its comprehensive general liability ("CGL") insurer, West Bend Mutual Insurance Company ("West Bend"). West Bend denied coverage. Decker commenced this action in Iowa state court. West Bend removed, invoking the district court's diversity jurisdiction, and moved for summary judgment on numerous grounds. The district court granted summary judgment, concluding there was no "occurrence" triggering coverage under the terms of West Bend's policy as construed in Pursell Constr., Inc. v. Hawkeye-Sec. Ins. Co., 596 N.W.2d 67, 70 (Iowa 1999). Decker appeals. Iowa law governs our interpretation of the West Bend policy. Reviewing the grant of summary judgment *de novo*, we conclude there was an occurrence. Accordingly, we reverse and remand.

The West Bend policy provided coverage for an "occurrence" resulting in "property damage." Like the policy at issue in Pursell, 596 N.W.2d at 70, West Bend's policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under Iowa law, an "accident" is "an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force. . . . [The term] clearly implies a misfortune with concomitant damage to a victim, and not the negligence which eventually results in that misfortune." Id. (quotation omitted).

In Pursell, the Supreme Court of Iowa considered whether the insurer's CGL policy covered third party negligence and breach-of-contract claims against the insured, a construction contractor whose defective workmanship -- building the lower levels of two houses below the floodplain -- required costly remedies to bring the houses into compliance with a local ordinance. 596 N.W.2d at 68. The court held there was no occurrence triggering coverage:

> We agree with the majority rule and now join those jurisdictions that hold that defective workmanship standing alone, that is, resulting in damages only to the work product itself, is not an occurrence under a CGL policy.

Id. at 71; accord Liberty Mut. Ins. Co. v. Pella Corp., 650 F.3d 1161, 1175-76 (8th Cir. 2011) (defective windows); Norwalk Ready Mixed Concrete, Inc. v. Travelers Ins. Co., 246 F.3d 1132, 1136-37 (8th Cir. 2001) (faulty concrete work that damaged a parking lot). West Bend argued, and the district court agreed, "that A1's claimed losses against Decker Plastics, as foreseeable and expected consequences of Decker Plastics' defective workmanship [omitting UVI from the bags it sold A1's], did not result from an 'accident,' and were not an 'occurrence' under" West Bend's policy.

We disagree with this analysis because it disregards the Supreme Court of Iowa's narrow holding in Pursell -- that a claim of "defective workmanship standing alone, that is, resulting in damages only to the work product itself," is not an occurrence. 596 N.W.2d at 71. Here, Decker's defective bags were sold to its customer, A1's, which then used the bags to store its own property, landscaping materials. The defective bags unexpectedly deteriorated, causing damage to A1's other property. The deterioration of the bags was the covered occurrence. To rephrase Pursell's definition of "accident," the occurrence was "a misfortune with concomitant damage to a victim [A1's], and not the negligence [of Decker] which eventually result[ed] in that misfortune." The covered property damage (if any) was to A1's property other than the bags.

-3-

We have repeatedly construed "occurrence" to cover damages to property that was not the insured's work product. In National Union Fire Insurance Co. v. Terra Industries, Inc., contaminated carbon dioxide was sold to third party manufacturers and incorporated into consumer beverages. 346 F.3d 1160, 1164-65 (8th Cir. 2003). Applying Iowa law, we concluded that the incorporation of the contaminated product into a third-party product "constituted an occurrence resulting in property damage." Id. at 1165 (quotations omitted). In Ferrell v. West Bend Mutual Insurance Co., a case factually similar to this, we held that the deterioration of defective protective film that caused damage to the customer's tomato plants was a covered occurrence. 393 F.3d 786, 795 (8th Cir. 2005) (applying Wisconsin law). Perhaps most tellingly, in Lexicon, Inc. v. ACE American Insurance Co., we applied Arkansas law that included the same definition of "occurrence" as Pursell and held that the collapse of a defective silo causing damage to the purchaser's contents and equipment was a covered occurrence, but the damage to the insured's work product -- the silo -- was not. 634 F.3d 423, 425-27 (8th Cir. 2011). We predict that the Supreme Court of Iowa would follow the reasoning of these cases and limit its holding in Pursell to cases where the alleged "occurrence" is "defective workmanship standing alone, that is, resulting in damages only to the work product itself."

For these reasons, we reverse the district court's ruling that there was no "accident," therefore no "occurrence," and therefore no coverage of Decker's claim. On appeal, West Bend urges us to affirm on the additional alternative grounds it argued to the district court -- that there was no "property damage" triggering coverage, and that A1's claims against Decker are excluded from coverage by the contractual-liability exclusion, the "your product" exclusion, and the impaired-property exclusion. However, as in Lexicon, 634 F.3d at 428, we conclude that these issues should initially be considered by the district court. Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

_____