# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1319
_____

Decker Plastics Corp.

*Plaintiff - Appellant*

v.

West Bend Mutual Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: November 6, 2017
Filed: January 29, 2018
[Published]

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Decker Plastics Corp. (Decker) sold plastic bags to Al's, Inc. (Al's). Al's filled the bags with landscaping materials (sand and rock) and stored them outdoors for sale to its wholesale customers. Because Decker failed to manufacture the bags with an ultraviolet inhibitor, the bags deteriorated in the sunlight, spilling rock and sand off pallets and causing shreds of plastic to commingle with landscaping materials, both

while in Al's inventory and after delivery to its customers. Al's sued Decker, alleging negligence, breach of warranty, and defective product. Decker's insurer, West Bend Mutual Insurance Co. (West Bend), refused to defend or indemnify Decker under its commercial general liability (CGL) and umbrella/excess liability policies. Decker paid $125,000 to settle Al's claims. This coverage litigation followed.

Decker's policies provided coverage for an "occurrence" resulting in "property damage." The district court[1] granted West Bend summary judgment, concluding there was no "occurrence" triggering property damage coverage. Decker appealed and we reversed, concluding "deterioration of the bags was the covered occurrence," and "covered property damage (if any) was to Al's property other than the bags." Decker Plastics Inc. v. W. Bend Mut. Ins. Co., 833 F.3d 986, 988 (8th Cir. 2016). We remanded to the district court to address West Bend's alternative claims that there was no covered "property damage" and that Al's claims against Decker fell within policy exclusions. Id. On remand, the district court again granted summary judgment for West Bend, concluding there was no covered property damage and three policy exclusions apply. Decker appeals. We affirm.

The Insuring Agreement section of the CGL policy provides that West Bend will pay "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies." Both policies defined "property damage" to mean:

a.      Physical injury to tangible property, including all resulting loss of use of that property. . . . or

b.      Loss of use of tangible property that is not physically injured.

---

[1]The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In Kartridg Pak Co. v. Travelers Indem. Co., the Iowa Court of Appeals noted that the modifier "physical" was added in a 1973 revision of the CGL policy form used by most insurers, that this coverage limitation was unambiguous, and that "intangible damages, such as diminution in value, do not constitute physical injury to or destruction of tangible property." 425 N.W.2d 687, 689-90 (Iowa App. 1988). The Supreme Court of Iowa has expressly agreed, as have most courts around the country. See Ide v. Farm Bureau Mut. Ins. Co., 545 N.W.2d 853, 858-59 (Iowa 1996); Yegge v. Integrity Mut. Ins. Co., 534 N.W.2d 100, 102 (Iowa 1995); Esicorp, Inc. v. Liberty Mut. Ins. Co., 266 F.3d 859, 862 (8th Cir. 2001) (applying Missouri law). Thus, the critical question in this case is whether there was some "physical injury" to Al's "tangible property." The Supreme Court of Iowa construes these terms "in their plain, ordinary and popular sense." Continental Ins. Co. v. Bones, 596 N.W.2d 552, 557 (Iowa 1999) (quotation omitted). If there was covered physical injury to tangible property, "all damages caused by the [injury], such as lost profits and investments, would be covered by the policy." Kartridg, 425 N.W.2d at 689.

Although the question is not free from doubt, we agree with the district court that Al's tangible property, its landscaping materials, did not suffer physical injury. Like the parties and the district court, we address this question by examining factually relevant cases. On the one hand, "the mere incorporation of a defective component [into a customer's product] is not 'property damage' because it does not result in 'physical injury.'" Esicorp, 266 F.3d at 862. Thus, simply filling Decker's defective bags with Al's landscaping materials did not cause covered property damage. On the other hand, when an insured's customers covered tomato plants with plastic film that deteriorated, we held that covered property damage occurred when the plants became "stunted, undersized, sunburned, or waterlogged," even though the customers' damages were measured in economic terms such as lost profits. Ferrell v. West Bend Mut. Ins. Co., 393 F.3d 786, 795 (8th Cir. 2005) (applying Wisconsin law).

Here, Al's landscaping materials in Decker's deteriorated bags became contaminated with small shreds of plastic. The rock and sand were not physically altered or destroyed, but contamination made the landscaping product unsaleable, and the contaminating plastic could not be economically removed. Two cases applying Iowa law paint the parameters of this issue. In National Union Fire Insurance Co. of Pittsburgh v. Terra Industries, Inc., the insured sold benzene-contaminated carbon dioxide to beverage manufacturers, who incorporated the carbon dioxide in carbonated drinks that had to be recalled when the health risk was discovered. 346 F.3d 1160, 1162-63 (8th Cir. 2003). We affirmed the finding of covered property damage under a CGL policy with the same "physical injury" limitation, agreeing with the district court that the beverages were physically injured when contaminated carbon dioxide was physically incorporated into the product. Id. at 1165. By contrast, in Kartridg, another food industry case, the Iowa Court of Appeals concluded there was no covered property damage, only diminution in value, when the insured's faulty deboning machine failed to separate enough bone from ground pork loin, leaving the meat unfit to be sold for human consumption. "[T]he failure to sufficiently separate the meat and bone," the court concluded, "did not physically injure the product." 425 N.W.2d at 690.

The district court thoroughly reviewed these governing Iowa cases and relevant non-governing precedents and concluded undisputed facts established that Al's "landscaping materials -- the rock, gravel, and sand -- were [not] physically injured due to the incorporation of the deteriorated packaging material." After careful review of the undisputed facts of record, the relevant West Bend policy provisions, and the above-summarized authorities, we agree. Absent physical alteration, Al's property suffered only diminution in value. Accordingly, Decker's claims were properly dismissed because there was no property damage triggering coverage under West

-4-

Bend's policies, and we need not consider the district court's alternative ruling that any coverage was barred by three policy exclusions.

The judgment of the district court is affirmed.

_____